# EXHIBIT B

EXHIBIT B

# AGREEMENT

THIS AGREEMENT ("Agreement") is made and entered into effective as of January 1, 2007, by and between AG Holdings Company, a Nova Scotia unlimited liability company ("AGH"), and TPR Investment Associates, Inc., a Delaware corporation, having its principal place of business at 1211 Park Avenue, New York, New York 10128 ("TPR").

**WHEREAS** AGH has made a Promissory Note, dated July 24, 2001, to Mr. Vladimir Gusinksi ("VG"), in the amount of Two Million and Five Hundred Thousand dollars ($2,500,000) (the "Note"); and

**WHEREAS**, the terms of the Note call for an annual interest payment of interest payments, at the rate of 6.5% per annum, amounting to One Hundred Sixty Two Thousand and Five Hundred dollars ($162,500) on each of the first anniversaries of the Note (each, an "Interest Payment"); and

**WHEREAS**, it became evident that AGH will not be able to make the upcoming Interest Payment to VG on July 24, 2007; and

**WHEREAS**, TPR agreed to make payment of this year's Interest Payment to VG, in the stead of AGH;

NOW THEREFORE, for good and valuable consideration as described herein, TPR and AGH have agreed as follows:

1. TPR acknowledges receipt of the Note, attached hereto as **Exhibit A**, an has reviewed the terms of the Note.

2. TPR will ensure payment of the Interest Payment, due in July 2007, to VG. Payment will be made in accordance with the terms of the Note.

3. TPR further agrees to make payments for professional services rendered in connection with AGH's direct or indirect holdings in Canada, up to the aggregate amount of Fifty Thousand dollars ($50,000) ("Additional Costs").

4. AGH represented that to TPR that it and it's fully owned subsidiary, AG Properties Company, a Nova Scotia unlimited liability company, ("AGP") has claims against former affiliates, officers and directors ("Litigation") of AGP – which it does not have the necessary resources to pursue.

5. As consideration for making the Interest Payment and incurring the Additional Costs, TPR shall assume sole control of any and all Litigation related activities, matters and proceedings, including without limitation initiating, filing lawsuits, petitions, actions and the like, whether in the United States of

1

elsewhere. All costs, fees and expenses incurred in connection with the Litigation will be solely borne by TPR.

TPR may, in its sole judgment, decide to institute enforcement actions against certain or all potential defendants of AGP, as it deems fit, in connection with the Litigation. TPR shall have the exclusive right to bring suit to enforce the alleged wrongdoings to AGP. Patents. AGP and AGH shall join as plaintiffs at TPR's request in the event TPR's counsel determines that AGP and / or AGH is a necessary party to an action. AGH and AGP hereby grant TPR a power of attorney allowing TPR to (i) add AGH and AGP as a party to any such action and/or (ii) to bring an action directly in AGP / AGH's name. In the event AGP and / or AGH joins as a plaintiff at TPR's request or TPR brings an action in AGH or AGP's name, or AGP / AGH is named as a party by another party to any action, TPR shall defend and indemnify AGP and/or AGH against all liabilities, costs and expenses related to such action.

Should TPR pursue the Litigation, and successfully collect damages thereafter ("Proceeds") – such Proceeds will be divided among TPR and AGH as follows, in the following order of priority:

(a) Firstly – to TPR, in amount equal to TPR's direct expenses incurred in connection with the Litigation;

(b) Secondly – an amount of Five Hundred Thousand dollars ($500,000) will be paid to TPR, or to such party as TPR shall indicate.

(c) Thirdly – after the prompt reimbursement of all expenses, and payment to TPR per section (b) above, all remaining amount of Proceeds will be equally divided between TPR and AGH (or among such entities that each shall designate).

This Agreement shall be binding upon the respective successors, heirs or assigns of each of the parties hereto.

This Agreement shall be governed by, and adjudicated under the laws of the State of New York.

WITNESS WHEREOF, the parties have executed this Agreement, as of the date set above.

_____ (signature)
...ment Associates, Inc.
By: Sagi Genger

_____ (signature)
AG Holdings Company
By: President – Sagi Genger

And: _____ (signature)
AG Properties Company
By: Sagi Genger - President

2