William B. Wachtel
Julian D. Schreibman
WACHTEL & MASYR, LLP
One Dag Hammarskjold Plaza
885 Second Avenue, 47th Floor
New York, New York 10017
Tel. (212) 909-9500
Fax (212) 909-9417

*Attorneys for Third-Party Defendants*
*Gilad Sharon, Lerner Manor Trusteeships, Ltd.,*
*and Omniway Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VLADIMIR GUSINSKI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAGI GENGER,<br><br>　　　　Defendant. | CASE NO.  10-CIV-4506 (SAS)(GWG)<br><br>ECF CASE<br><br>**ANSWER AND AFFIRMATIVE**<br>**DEFENSES OF THIRD-PARTY**<br>**DEFENDANTS** |
| -and-<br><br>SAGI GENGER and TPR INVESTMENT ASSOCIATES, INC., on behalf of AG PROPERTIES CO.,<br><br>　　　　Third-Party Plaintiffs,<br><br>　　v.<br><br>GILAD SHARON, LERNER MANOR TRUSTEESHIPS, LTD and OMNIWAY LIMITED,<br><br>　　　　Third-Party Defendants. | |

Third-Party Defendants, Gilad Sharon ("Sharon"), Lerner Manor Trusteeships, Ltd. ("Lerner Manor"), and Omniway Limited ("Omniway," and collectively with Sharon and Lerner Manor, "Third-Party Defendants"), by and through their respective attorneys, Wachtel & Masyr LLP, for their respective answers to the Second Amended Third-Party Complaint ("Third-Party Complaint") filed by Third-Party Plaintiffs Sagi Genger ("Sagi") and TPR Investment Associates, Inc. ("TPR," and collectively with Sagi, "Third-Party Plaintiffs") hereby responds as follows:

1. With respect to paragraph 87 of the Third-Party Complaint, answer that this paragraph sets forth legal conclusions and does not require an answer from the Third-Party Defendants, and the Third-Party Defendants otherwise deny that paragraph 87 fully and accurately describes Third-Party Plaintiffs' allegations in the FIRST and SIXTH causes of action in the underlying action and refers the Court to those allegations for the content thereof.

2. With respect to paragraph 88 of the Third-Party Complaint, refer the Court to Sagi's filed answer in the underlying action, and otherwise deny knowledge and information sufficient to form a belief as to whether and to what extent Sagi personally denies liability for any or all of the claims in the underlying action.

3. With respect to paragraph 89 of the Third-Party Complaint, deny each and every allegation contained therein.

4. With respect to paragraph 90 of the Third-Party Complaint, aver that such allegation is hypothetical and is incapable of response, and further answering this paragraph aver that Sagi's indemnity and contribution claims are without merit.

5.      With respect to paragraph 91 of the Third-Party Complaint, aver that the reasons Third-Party Plaintiffs are seeking payment of an alleged promissory note, dated February 6, 2002 (a copy of which is attached to the Third-Party Complaint as Exhibit A, and hereinafter is referred to as the "Purported Omniway Note"), are unknown to the Third-Party Defendants, and otherwise deny that the Third-Party Defendants or any of them are obligated to pay TPR, AG Properties Co. ("AG Properties"), or any other entity pursuant to the Purported Omniway Note, and further deny each and every other allegation contained in paragraph 91 of the Third-Party Complaint.

6.      With respect to paragraph 92 of the Third-Party Complaint, admit the allegations contained therein.

7.      With respect to paragraph 93 of the Third-Party Complaint, admit that Lerner Manor is a limited liability company incorporated under the laws of Israel with its principal place of business in Tel Aviv, Israel, and otherwise deny the allegations contained therein.

8.      With respect to paragraph 94 of the Third-Party Complaint, deny knowledge or information sufficient to form a belief as to the allegations contained therein, and refer the Court to any public records concerning the incorporation or dissolution of Omniway.

9.      With respect to paragraph 95 of the Third-Party Complaint, deny knowledge or information sufficient to form a belief as to the exact date that AG Properties was incorporated in Nova Scotia.

10.     With respect to paragraph 96 of the Third-Party Complaint, deny knowledge or information sufficient to form a belief as to the date that AG Holdings Company ("AG Holdings") acquired shares of stock in AG Properties.

11.     With respect to paragraph 97 of the Third-Party Complaint, deny knowledge or information sufficient to form a belief as to the allegations contained therein.

12.     With respect to paragraph 98 of the Third-Party Complaint, on information and belief, deny that Arie Genger directed the activities of AG Holdings and AG Properties during the entire period covered by the Third-Party Complaint, and further deny knowledge or information sufficient to form a belief as to when Arie Genger ceased to be a director AG Properties and AG Holdings.

13.     With respect to paragraph 99 of the Third-Party Complaint, admit only that AG Properties had an ownership interest in entities that acquired certain Canadian real estate which is sometimes referred to as the Durocher and Lincoln properties, and otherwise denies knowledge or information sufficient to form a belief as to the allegation relating to this paragraph's characterization of the financing of the acquisition of these properties in that such allegations are vague and ambiguous.

14.     With respect to paragraph 100 of the Third-Party Complaint, deny knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 100 of the Third-Party Complaint, except aver, on information and belief, that some loan financing was made by TPR in connection with the acquisition of the Canadian properties.

15.     With respect to paragraph 101 of the Third-Party Complaint, deny the allegations contained in paragraph 101 of the Third-Party Complaint, and aver that the Purported Omniway Note is not a valid, enforceable promissory note and/or that it has been cancelled, replaced or discharged.

16. With respect to paragraph 102 of the Third-Party Complaint, deny that the Purported Omniway Note is a valid, enforceable promissory note against any of the Third-Party Defendants, and further deny that the purported Omniway Note creates any liability or duty to pay on behalf of any of the Third-Party Defendants.

17. With respect to paragraph 103 of the Third-Party Complaint, deny the allegations contained therein, and aver that 50% of AG Properties shares were issued to the Third-Party Defendant, Lerner Manor, and, on information and belief, that any transaction by Omniway concerning the ownership of AG Properties was rescinded and cancelled.

18. With respect to paragraph 104 of the Third-Party Complaint, deny the allegations contained therein, and aver that Lerner Manor was the owner of 50% of the shares of AG Properties and that any documentation or prior record of ownership of the same 50% shares by Omniway was rescinded and cancelled as were any obligations of Omniway.

19. With respect to paragraph 105 of the Third-Party Complaint, deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 105 of the Third-Party Complaint, which are vague and ambiguous.

20. With respect to paragraph 106 of the Third-Party Complaint, deny the allegations contained therein.

21. With respect to paragraph 107 of the Third-Party Complaint, deny the allegations contained therein, and refer the Court to any public records relating to the formation of Lerner Manor.

22. With respect to paragraph 108 of the Third-Party Complaint, deny the allegations contained therein.

23. With respect to paragraph 109 of the Third-Party Complaint, deny the allegations therein, and aver that no payments are due under the Purported Omniway Note.

24. With respect to paragraph 110 of the Third-Party Complaint, deny the allegations contained therein.

25. With respect to paragraph 111 of the Third-Party Complaint, deny the allegations contained therein, and aver that there is no payment due from Sharon under the Omniway Note.

26. With respect to paragraph 112 of the Third-Party Complaint, deny knowledge or information sufficient to form a belief as the allegations contained therein which relate to the state of mind of Sagi, and otherwise deny the allegations contained therein.

27. With respect to paragraph 113 of the Third-Party Complaint, admit only that the Lincoln and Durocher properties were sold, and refer the Court to the financial information relating to those shares for the content thereof.

28. With respect to paragraph 114 of the Third-Party Complaint, deny the allegations contained therein.

29. With respect to paragraph 115 of the Third-Party Complaint, deny the allegations contained therein.

30. With respect to paragraph 116 of the Third-Party Complaint, deny the allegations contained therein.

31. With respect to paragraph 117 of the Third-Party Complaint, deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 117 of the Third-Party Complaint, except aver that this self-serving document appears to be signed by Sagi Genger on behalf of all entities to the documents attached as Exhibit B to the Third-Party Complaint, and aver that this document is meaningless and invalid.

32. With respect to paragraph 118 of the Third-Party Complaint, deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 118 of the Third-Party Complaint.

33. With respect to paragraph 119 of the Third-Party Complaint, repeat and reallege responses to paragraphs 87 through 118 of the Third-Party Complaint.

34. With respect to paragraph 120 of the Third-Party Complaint, deny the allegations contained therein, and aver that the Third-Party Plaintiffs have no right to indemnity or contribution from any of the Third-Party Defendants.

35. With respect to paragraph 121 of the Third-Party Complaint, repeat and reallege the Third-Party Defendants' responses to paragraphs 87 through 120 of the Third-Party Complaint.

36. With respect to paragraph 122 of the Third-Party Complaint, deny the allegations contained therein, and aver that neither Omniway, Sharon, nor Lerner Manor have any obligations to make any payments to AG Properties or TPR under the Purported Omniway Note or otherwise.

37. With respect to paragraph 123 of the Third-Party Complaint, deny the allegations contained therein, and aver that neither Omniway, Sharon, nor Lerner Manor have any obligations to make any payments to AG Properties or TPR under the Purported Omniway Note or otherwise.

38. With respect to paragraph 124 of the Third-Party Complaint, deny the allegations contained therein.

39. With respect to paragraph 125 of the Third-Party Complaint, deny the allegations contained therein, and aver that neither Omniway, Sharon nor Lerner Manor have any obligations to make any payments to AG Properties or TPR under the Purported Omniway Note or otherwise.

40. With respect to paragraph 126 of the Third-Party Complaint, deny the allegations contained therein.

41. With respect to paragraph 127 of the Third-Party Complaint, deny the allegations contained therein.

### Affirmative Defenses

42. The Court lacks personal jurisdiction over the Third-Party Defendants.

43. The Court lacks subject matter jurisdiction over the Third Party Complaint.

44. The Third Party Complaint fails to aver any basis for this Court's jurisdiction, and fails to state any jurisdictional allegation whatsoever.

45. The Southern District of New York is an improper venue for the Third Party Complaint.

46. The Third Party Plaintiffs lack standing to assert the claims set forth in the Third Party Complaint.

47. The Third Party Complaint and any claims for relief therein are barred by the doctrines of *res judicata* and collateral estoppel.

48. The Third Party Complaint fails to state a claim upon which relief may be granted.

49. The Third Party Complaint and any claims for relief therein are barred on the grounds of waiver, acquiescence, modification, ratification, estoppel, release and accord and satisfaction.

50. The Third Party Complaint and any claims for relief therein are barred by the applicable statute of limitations.

51. The Third Party Complaint and any claims for relief therein are barred by the doctrines of unclean hands and laches.

52. The Third Party Complaint should be dismissed and/or stayed on the grounds of a prior action pending and *forum non conveniens*.

53. The Third Party Plaintiffs would be unjustly enriched if they were to prevail on the Third Party Complaint.

54. The Third Party Plaintiffs have failed to mitigate any alleged damages.

55. The claims set forth in the Third Complaint are derivative claims that have been pled improperly as direct claims.

56. The Purported Omniway Note, to the extent that it ever existed, has been discharged, cancelled and/or satisfied.

57. The Purported Omniway Note is void and invalid.

58. The Purported Omniway Note, if it existed, is not enforceable against the Third Party Defendants due to a breach of the covenant of good faith and fair dealing.

59. The Purported Omniway Note, if it existed, is not enforceable on the ground of failure or want of consideration.

60. The Purported Omniway Note, if it existed, is not enforceable on the ground of mutual mistake and/or lack of meeting of the minds, and in any event was nullified, and cancelled *ab initio* by the parties thereto.

61. The Purported Omniway Note, if it existed, was given for a special purpose and has been diverted improperly from that purpose.

62. The Purported Omniway Note, if it existed, was given pursuant to an agreement which has been violated.

63. The Purported Omniway Note, if it existed, was delivered to AG Properties pursuant to a condition which was not observed.

64. The Third Party Plaintiffs, and each of them, are not a holder in due course of the Purported Omniway Note.

65. The Third Party Plaintiffs were not the assignees or successors to the holder of the Purported Omniway Note.

66. The Purported Omniway Note is not genuine and does not represent an obligation of the maker to AG Properties, or the Third-Party Plaintiffs.

Dated: New York, New York
       April 14, 2011

William B. Wachtel
Julian D. Schreibman
WACHTEL & MASYR, LLP
One Dag Hammarskjold Plaza
885 Second Avenue, 47th Floor
New York, NY 10017
(212) 909-9500

*Attorneys for Third-Party Defendants
Gilad Sharon, Lerner Manor Trusteeships,
Ltd., and Omniway Limited*

11