

DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
BOCA RATON
LAKE TAHOE

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

JOHN DELLAPORTAS
DIRECT DIAL: +1 212 692 1012
PERSONAL FAX: +1 212 202 4866
E-MAIL: dellajo@duanemorris.com

www.duanemorris.com

February 14, 2012

**VIA FAX**

U.S. Magistrate Judge Gabriel W. Gorenstein
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  **Genger, et al. v. Sharon, et al. (10-Civ-4506) (SAS)(GWG)**

Dear Magistrate Judge Gorenstein:

    We represent third-party plaintiffs Sagi Genger and TPR Investment Associates, Inc. ("TPR") in the above-referenced matter. We respectfully submit this letter pursuant to Rule 2(A) of Your Honor's Individual Practices to request a pre-motion conference seeking to compel third-party defendant Omniway Limited ("Omniway") to produce a witness for deposition as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for the imposition of a default judgment against Omniway.

    TPR is the assignee of the collection rights under a Promissory Note executed by Omniway, a Cypriot entity, dated February 6, 2002, in the amount of $1,250,00 (the "Note"), for the benefit of AG Properties Co. Count Two of TPR's Third-Party Complaint seeks to collect on the Promissory Note, which remains unpaid and has never been discharged. Omniway, for its part, has appeared in this case through counsel and interposed an Answer, including Affirmative Defenses on the ground, *inter alia*, that the Note is "not genuine." *See* Dkt. No. 53 ¶¶ 42-66. Naturally, TPR would like to depose an Omniway representative to better understand the basis, if any, for its Affirmative Defenses. It would be unjust for Omniway to be able to appear, by counsel, and interpose such defenses but not be required to explain them.

    While we did depose third-party defendant Gilad Sharon, in his personal capacity, on December 14-15, 2011, Mr. Sharon was unable to shed any light on Omniway. In fact, Mr. Sharon was unable to recall whether the entity was even formed:

DUANE MORRIS LLP
1540 BROADWAY   NEW YORK, NY 10036-4086                         PHONE: +1 212 692 1000   FAX: +1 212 692 1020

DuaneMorris

Hon. Gabriel W. Gorenstein
February 14, 2012
Page 2

> Q: Have you ever heard of a company called Omniway Limited?
>
> A: Yes, I believe. I don't know if it was uh, first ever founded as a company. I believe, it was, uh, my accountant's idea of having uh, such a company as a structure for my Canadian venture. But I don't know if it was ever formed.

(Transcript of Deposition of Gilad Sharon, Dec. 14, 2011, p. 52, l. 24 – p. 53, l. 8). A copy of the referenced transcript excerpt is attached hereto as Exhibit A. Subsequently, Mr. Sharon further testified that he does not know who the officers of Ominway are (*Id.* at p. 81, l. 20 – p. 82, l. 10); whether Omniway's Board ever met (*Id.* at p. 83, l. 2 – l. 4); or even whether Omniway's directors are still living (*Id.* at p. 84, l. 13 – l. 16).

Accordingly, we served a Rule 30(b)(6) deposition notice on Omniway on December 16, 2011, requesting that Ominway produce on January 17, 2012 an officer, director, managing agent or other knowledgeable person to testify on manners pertaining to the allegations set forth in the Third-Party Complaint and Third-Party Defendants' Answer (the "Notice"). A copy of the Notice is attached hereto as Exhibit B.

The deposition schedule was thereafter adjourned *in toto* for the reasons addressed in recent correspondence with the Court. When the schedule was prepared to resume, Omniway's counsel advised us that its client would not be producing a witness for deposition. Thereafter, on February 1, 2012 at or around 1 p.m., I conferred with Omniway's counsel, Elliot Silverman and Walter Stasiuk of the firm Wachtel & Masyr, about this matter for approximately 15-20 minutes. On that conference, we offered to take the deposition via videoconference, if the Rule 30(b)(6) witness were located in Cyprus. Our offer was rejected without counteroffer, and we were told that Omniway had no competent witness. Given that someone was competent enough to retain counsel in this case on Omniway's behalf, we cannot understand how no one associated with Omniway is competent enough to testify on its behalf.

Pursuant to Rule 30(b)(6), a party deponent "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." *Securities and Exchange Commission v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992) (quoting *Mitsui & Co. (U.S.A.) v. Puerto Rico Water Resources Authority*, 93 F.R.D. 62, 67 (D.P.R. 1981)); *see also United States v. Taylor*, 166 F.R.D. 356, 361, aff'd, 166 F.R.D. 367 (M.D.N.C. 1996) ("The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved."). The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources. *Id.* (citing *Ierardi v. Lorillard, Inc.*, 1991 U.S. Dist. Lexis 11887, Civ. A. No. 90-7049, at *3 (E.D. Pa. Aug. 13, 1991)).

DuaneMorris

Hon. Gabriel W. Gorenstein
February 14, 2012
Page 3

Omniway's counsel also indicated that Omniway is not required to comply with the Notice because it is a dissolved entity. However, counsel has not cited to any case law that would permit a dissolved entity to avoid its discovery obligations.

Accordingly, third-party plaintiffs respectfully request that Omniway be compelled to appear for its Rule 30(b)(6) deposition, or in the alternative, under Rule 37(b)(2)(A), that the Cout "render a default judgment against the disobedient party for its failure to attend its own depositions." *Smith v. Saki Rest. Corp.*, 2011 U.S. Dist. Lexis 152379, **2-3 (S.D.N.Y. Aug. 3, 2011) (citing *Xstrata Canada Corp. v. Advanced Recycling Technology, Inc.*, 2010 U.S. Dist. Lexis 38133, *2 (N.D.N.Y. April 19, 2010)).

We thank the Court for its consideration.

Respectfully submitted,

*John Dellaportas*

John Dellaportas

w/Enclosures

cc:   William Wachtel, Esq. (by email)
      Elliot Silverman, Esq. (by email)

---

In light of defendants' letter of February 14, 2012, it is plain that there is no order the Court could issue that would result in the production of a proper Rule 30(b)(6) witness on behalf of Omniway. Given Omniway's failing in this regard, the plaintiff's request for a judgment of default against Omniway would appear to be a sound one. But it should be raised following the completion of discovery and in the context of any request to make a summary judgment motion.

SO ORDERED:  DATE: 2/14/2012

GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE