# SECURED PROMISSORY NOTE

$1,250,000                                                             *February 6*, 2002
                                                                       New York, New York

FOR VALUE RECEIVED, Omniway Limited., a Cyprus company ("Maker"), hereby unconditionally promises to pay to the order of AG Properties Co., a Nova Scotia company ("Payee"), the principal sum of One Million Two Hundred and Fifty Thousand US dollars ($1,250,000).

Subject to acceleration as hereinafter provided, the Maker shall repay the principal sum in three annual installments of One Hundred Twenty-Five Thousand US dollars and Sixty Six cents ($125,000) each on July 24, 2008, July 24, 2009 and July 24, 2010. The balance of the outstanding principal sum shall be due and payable on July 24, 2011.

Interest shall be paid by the Maker to the Payee, both before and after maturity, default or judgment (with interest on overdue interest at the same rate hereinafter stipulated) on the principal sum outstanding. Such interest shall be calculated and payable annually on July 24, in each year, provided that the first payment of interest shall not be due and payable until July 24, 2003. Interest shall be calculated at a rate of 6½% per annum.

Should any day on which a payment hereunder is due not fall on a business day in July, the principal and interest payable pursuant hereto will be payable on the next succeeding business day.

At the option of the Maker, this Note may be prepaid in whole or in part at any time and from time to time. Each such prepayment hereof shall be made without premium or penalty by paying the principal amount being prepaid, together with all accrued and unpaid interest on such principal amount to the date of prepayment.

The occurrence of any of the following shall constitute an Event of Default under this Note:

(a)   Maker's failure to pay any of the principal of this Note when due and payable or Maker's failure to pay any interest on this Note when due and payable and such failure to pay interest shall continue for thirty (30) days; or

(b)   Maker shall: (i) commence any proceeding or other action relating to it in bankruptcy or seek reorganization, arrangement, composition or readjustment of its debts, receivership, or any other relief under any bankruptcy, insolvency, reorganization, arrangement, composition, readjustment of debt or any other similar act or law, or any jurisdiction, now or hereafter existing (a "Bankruptcy Law"); or (ii) admit insolvency or the material allegations of any petition or

788116v1

**CONFIDENTIAL: For Use Only in**                                      R&F 002133
**Gusinski v. Genger, 10 CIV 4506 (SDNY)**

     pleading in connection with any such proceeding; or (iii) apply for, or consent or acquiesce in, the appointment of a receiver, conservator, trustee or similar officer for it or for all or substantially all of its property; or (iv) make a general assignment of its property for the benefit of creditors; or

  (c)  (i) Commencement of any proceedings or the taking of any other action against Maker in bankruptcy or seeking reorganization, arrangement, composition or readjustment or its debts, or any other relief under a Bankruptcy Law, and the continuance of any of such events for sixty (60) days undismissed, unbonded or undischarged; or (ii) the appointment of a receiver, conservator, trustee or similar officer for Maker or for all or substantially all of its property and the continuance of any of such events for sixty (60) days undismissed, unbonded or undischarged; or (iii) the issuance of a warrant of attachment, execution or similar process against substantially all of the property of Maker and the continuance of such event for sixty (60) days undismissed, unbonded and undischarged.

  Upon the occurrence of any Event of Default, the entire unpaid principal balance and all other amounts payable hereunder shall become immediately due and payable, in the case of an Event of Default specified (i) in clause (a) above, at the option of Payee; and (ii) in clauses (b) or (c) above, <u>ipso facto</u> upon the occurrence of the Event of Default and without notice, demand or any further or other action of the Payee.

  This Note may not be changed orally, but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

  The Maker hereby waives, to the fullest extent permitted by law, all rights of presentment, demand for payment, protest and notice of dishonor.

  As security for Maker's obligations to make payments of principal and interest under this Note, Maker hereby assigns, conveys, mortgages, pledges, hypothecates, charges, as and by way of a fixed and specific charge, and grants a security interest to the Payee in, the Shares and all proceeds arising therefrom as continuing security for the payment and performance of such obligations. "<u>Shares</u>" means the common shares of the Payee that are now or may hereafter be registered in the name of and beneficially owned by the Maker and any part or item thereof and (i) any other collateral which the Payee accepts in substitution therefor, (ii) all Rights and (iii) all Distributions, as such terms are defined below, whether held in a general or special account or deposit or for safekeeping or otherwise.

  At the same time as it executes this Note, the Maker deposits with or transfers to the Payee or its nominee certificates representing the Shares and also delivers to the Payee a power of attorney executed in the form of the attached <u>Schedule A</u>, a stock transfer executed in blank in the form of the attached <u>Schedule B</u> or in the form appearing on the reverse of the certificates for the Shares and a copy of a resolution of the board of directors of the Maker substantially in the form of the attached <u>Schedule C</u>.

  The Maker shall not dispose of any of its interest in the Shares, and shall keep its interest in the Shares free from any and all encumbrances, other than those encumbrances granted in this

- 2 -

788116v1

**CONFIDENTIAL: For Use Only in**
**Gusinski v. Genger, 10 CIV 4506 (SDNY)**

R&F 002134

Note and other than any other encumbrances permitted by the Payee by notice in writing to the Maker.

The Payee shall be entitled to receive any payment or distribution made, or amount or property received, in respect of the Shares, whether in cash, in kind or in shares, notes, debentures, instruments, securities or any other form of property, including, without limitation, any property received in exchange for any of the Shares, proceeds arising from any of the Shares, and any Redemption Payment, but excluding any dividend ("Distributions"). If the Maker receives any Distribution, it shall forthwith pay it over or deliver it to the Payee, along with all certificates evidencing it. The Maker agrees to hold all Distributions it receives in trust for the benefit of the Payee, to segregate them from its other funds or property and to deliver them forthwith to the Payee in the form in which the Maker received them. Upon request from the Payee, the Maker shall also forthwith deliver to the  a direction instructing the  to pay all Distributions directly to the Payee until the Payee releases the  from that obligation in writing. The Payee may retain Distributions as further security for the Obligations, may apply the amount of Distributions to the obligations, allocating and reallocating them as it sees fit, or may release Distributions to the Maker.

Until an Event of Default occurs, the Maker may receive and retain all dividends.

Until an Event of Default occurs, the Maker may exercise any Right for any purpose not inconsistent with this Note. At least two weeks before (i) the Maker plans to exercise any Right, or (ii) the expiry of any Right, the Maker shall set out in a notice to the Payee the nature of such Right, the options open to the Maker in respect of that Right, how and when each such option is to be exercised, the cost of exercising each such option and the option the Maker plans to exercise. "Right" means any right or option that a holder of any of the Shares may exercise in relation to those Shares now or in the future, whether pursuant to the contracting documents of the Maker, any shareholder, partnership or trust agreement or any other agreement affecting rights in the Maker, or otherwise, including the right to vote the Shares, any right or option to acquire more Shares or other securities of the Maker, any right to convert or exchange the Shares for any other securities or other property and any dissent and appraisal rights associated with the Shares.

Whenever the Maker exercises any of its options in respect of any Right, or allows any Right to expire, the Payee may by notice to the Maker declare that an Event of Default has occurred under this Note, if the Payee in good faith believes, and has commercially reasonable grounds for believing, that the prospect of payment or performance of Maker's obligations is or is about to be impaired or that the Shares are or are about to be placed in jeopardy.

If an Event of Default occurs, the Payee shall be entitled to sell, assign or otherwise dispose of any of the Shares as the Payee thinks proper, without demand of payment and without notice to the Maker (all rights to which the Maker expressly and irrevocably waives). Such disposition may be made in any manner, including without limitation by tender or by private agreement, and at such time or times and on such terms and conditions as the Payee may determine. The Payee is obliged to account for proceeds from the disposition of the Shares only at the time that the Payee actually receives such proceeds. The Payee may allocate and reallocate the proceeds from such disposition and apply them to the Maker's obligations as the Payee sees

788116v1

CONFIDENTIAL: For Use Only in
Gusinski v. Genger, 10 CIV 4506 (SDNY)

R&F 002135

fit, without prejudice to its claim for any deficiency. At any such sale the Payee may itself purchase any of the Shares free from any right of redemption on the part of the Maker. The Maker irrevocably waives and releases all such rights of redemption. The Maker expressly and irrevocably waives every formality prescribed by law in relation to any such sale, assignment or disposition to the extent they can be waived under applicable law.

If an Event of Default occurs, the Payee shall be entitled to receive and retain all dividends and may apply them to Maker's obligations, allocating and reallocating them as it sees fit. The Maker agrees to hold all dividends it receives after an Event of Default in trust for the benefit of the Payee, to segregate such dividends from its other funds or property and to deliver them forthwith to the Payee. Upon request from the Payee after a Default, the Maker shall forthwith deliver to the Payee a direction instructing the Payee to pay all dividends directly to the Payee until the Payee releases the from that obligation in writing.

If an Event of Default occurs, the Payee shall be entitled, but not bound, to exercise all Rights including the right to attend and to vote at all meetings of holders of the Shares.

All of the Payee's rights and remedies in this Note are cumulative, may be exercised separately or in combination and shall be in addition to and not in substitution for any other rights or remedies which the Payee has pursuant to any other agreement or at law, by statute or in equity, provided that the Payee shall not be bound to exercise any of such rights and remedies.

The Maker shall not do such acts and shall execute such further documents, conveyances, deeds, assignments, transfers and the like, and will cause the doing of such acts and will cause the execution of such further documents as are within its power as the Payee may in writing at any time and from time to time reasonably request be done and or executed, in order to give full effect to the provisions of this Note.

This Note shall be governed by, construed and interpreted in accordance with the laws of the Province of Nova Scotia, Canada, without giving effect to principles of conflicts of law.

                                               OMNIWAY LIMITED

                                               By: _____
                                                   Name:

                                                   Title:

CONFIDENTIAL: For Use Only in
Gusinski v. Genger, 10 CIV 4506 (SDNY)

R&F 002136

## SCHEDULE A

## POWER OF ATTORNEY

FOR VALUE RECEIVED I, _____ of
_____
_____
have sold and transferred to _____
the following securities:

| Certificate or Bond No. | Maturity Date | Number of Shares | Further Information |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

AND I constitute and appoint _____ of
_____ my true
and lawful attorney, irrevocably, forever and in my name to complete this document by adding the name of the transferee and the list of securities transferred, to make and execute all necessary acts of assignment and transfer of these securities and to substitute one or more persons with like full power. I ratify and confirm all that my attorney or substitutes shall lawfully do by virtue of this document.

DATED at _____ this _____ day of _____, 20___.

WITNESS              )
                     )
                     )
_____)   _____
                         (Signature of Transferor)

Note: the signature of the transferor must correspond exactly with the name as registered on the securities.

788116v1

**CONFIDENTIAL: For Use Only in**
**Gusinski v. Genger, 10 CIV 4506 (SDNY)**

R&F 002137

## SCHEDULE B

## STOCK TRANSFER

TO: _____

For value received, the undersigned sells, assigns and transfers _____ shares of _____ to
_____.

DATED _____, 20___.

In the presence of:


_____        _____
    [witness]


Note: The signature of the transferor on this assignment must correspond with the name as written upon the face of each certificate drawn to represent the shares, in every particular, without alteration or enlargement or any change whatever.

788116v1

CONFIDENTIAL:  For Use Only in
Gusinski v. Genger, 10 CIV 4506 (SDNY)

R&F  002138

## SCHEDULE C

## RESOLUTION OF THE BOARD OF DIRECTORS
## OF
## THE

_____

**RESOLVED THAT:**

1.  the transfer by •[name of Maker] (the "Maker") of •[how many] •[common, special, Class-] shares of the company plus whatever shares of the company are issued at any time to the [name of Payee] (the "Shares") to -[Payee institution] or its nominee or nominees from time to time (the "Payee") as security is approved;

2.  additional transfers from the Payee to one or more transferees consequent upon realization of the Payee's security are approved;

3.  the proper officers of the company are authorized and directed to issue new certificates representing the Shares to the Payee or to the Payee's transferees on the written request of the Payee or its duly authorized representative, agent or attorney (including any receiver appointed by the Payee) without any further consent, approval or other action being required by the company or any of its directors and shareholders;

788116v1

CONFIDENTIAL: For Use Only in
Gusinski v. Genger, 10 CIV 4506 (SDNY)

R&F 002139