**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------- X

SAGI GENGER,

                    Plaintiff,

       v.

GILAD SHARON,

                    Defendant.

------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/12

**ORDER**

**10 Civ. 4506 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On August 6, 2010, Sagi Genger filed a third party complaint against, among others, Gilad Sharon and Omniway Limited ("Omniway") [Docket No. 7]. On January 13, 2011, the law firm of Mitchell Silberberg & Knupp LLP ("Mitchell") entered an appearance on behalf of Sharon and Omniway [Docket Nos. 34 and 36]. On March 25, 2011, the firm of Wachtel, Masyr & Missry, LLP ("Wachtel") was substituted for Mitchell as counsel for Sharon, although not explicitly for Omniway [Docket No. 46]. On April 14, 2011, Wachtel filed a Rule 7.1 Corporate Disclosure Statement on behalf of Omniway, naming the firm as attorneys for Omniway and Sharon.

On February 14, 2012, Wachtel informed Magistrate Judge

Gorenstein that the firm had "entered an appearance in this action for Omniway, even though Omniway does not now exist (and Mr. Sharon does not know if it ever existed)." [Docket No. 102]. As late as March 26, 2012, Wachtel's attorneys sent a letter to this Court stating that they were counsel for Omniway. Then, in advance of an April 10, 2012 conference, William Wachtel, a partner at the firm, informed the Court that "Omniway does not exist. We do not know if it ever existed. We are aware of no one who represented Omniway."[1] Wachtel then withdrew as counsel to Omniway. A default judgment was entered against Omniway on May 1, 2012.

For at least sixteen months, counsel for Omniway actively litigated on its behalf. On April 10, 2012, I informed the parties that Genger and the Court were entitled to understand who had authorized Mitchell and Wachtel to appear on behalf of Omniway and that Genger's counsel should investigate the question. Genger's counsel served a limited subpoena on Wachtel seeking any letters that authorized Wachtel to represent Omniway. Wachtel responded by stating that no such documents exist. Genger's counsel then served a second, broader deposition and document subpoena, seeking all communications and work product related to the defense of Omniway, which likely overlaps significantly with all work product

---

[1]      4/10/12 Transcript at 4:2-3.

and communications relating to the defense of Sharon. Wachtel now asks the Court to quash the subpoena, stating that "[w]e informed counsel for [Genger] that this Firm never rendered any bills to Omniway, never received any payments from Omniway, and never communicated with any person purporting to speak for Omniway."[2]

Wachtel's responses do not explain how and why the firm represented to Genger and this Court, for approximately one year, that it was counsel to Omniway. The relationship between Sharon and Omniway implicates questions of alter ego status. Both Genger and this Court have the right to know who instructed Wachtel to represent Omniway. This is not privileged information.[3] Thus, Genger's counsel is permitted to depose Wachtel and Wachtel must produce any documents that relate to the issue of who authorized Wachtel to represent Omniway. The subpoena is modified accordingly.

---

[2]     5/4/12 Letter to the Court from Wachtel.

[3]     "[I]n the absence of special circumstances client identity and fee arrangements do not fall within the attorney-client privilege." *Vingelli v. United States*, 992 F.2d 449, 452 (2d Cir. 1993).

3

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      May 8, 2012
            New York, New York

## - Appearances -

**For Plaintiff**:

John Dellaportas, Esq.
Duane Morris, LLP
1540 Broadway
New York, NY 10036

**For Defendant**:

Elliot Silverman, Esq.
Wachtel, Masyr & Missry, LLP
One Dag Hammarskjold Plaza
885 Second Avenue
New York, NY 10017