UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VLADIMIR GUSINSKI,<br>                Plaintiff,<br>      v.<br>SAGI GENGER,<br>                Defendant,<br>      - and -<br>SAGI GENGER and TPR INVESTMENT ASSOCIATES, INC., on behalf of AG PROPERTIES CO.,<br>                Third-Party Plaintiffs,<br>      v.<br>GILAD SHARON, LERNER MANOR TRUSTEESHIPS, LTD. and OMNIWAY LIMITED,<br>                Third-Party Defendants. | 10 Civ. 4506 (SAS) (GWG)<br><br>ECF Case |

## DECLARATION OF LAMBROS SOTERIOU REGARDING CYPRIOT LAW

I, LAMBROS SOTERIOU, partner of Michael Kyprianou & Co. LLC, pursuant to 28 U.S.C. § 1746(1), declare as follows:

1. I am a lawyer qualified to practice law in Cyprus and to render legal advice in connection with the laws of Cyprus. A current copy of my curriculum vitae is annexed hereto as Exhibit A. I respectfully submit this declaration to describe the laws of the Republic of Cyprus, in relation to: (a) the documents that a Cyprus company is required to maintain duly updated in its records; and (b) the potential relevance of such documents to the question of responsibility for corporate liabilities under Cypriot law.

2. In connection with this declaration, I have reviewed the Cyprus Companies Law, Cap. 113 (as amended, the "Law" – relevant excerpts of which are annexed hereto as Exhibit B). I have not for purposes hereof examined any other contracts, instruments or documents apart

from the Law. My analysis is only as to circumstances existing at the date hereof and known to me and as to the laws of the Cyprus as the same are in force at the date hereof.

3. Subject to the Law, limited liability companies are obliged by law to maintain proper books of account in respect of their income, expenses, assets and liabilities. In addition, under Section 139 of the Law, and subject to the provisions of the Articles of Association, every company shall cause minutes of all proceedings of general meetings, all proceedings at meetings of its directors and, where there are managers, all proceedings at meetings of its managers to be entered in books kept for that purpose.

4. In respect of a company's books and records that must and/or is common practice to be kept and updated, these mainly should consist of the following:

- Memorandum and Articles of Association of the company;
- certificate of incorporation;
- certificates of the company's directors and secretary;
- certificates of the company's registered office;
- certificate of the company's shareholders;
- certificate of good standing, if requested to be issued by the Cyprus Registrar of Companies;
- the company's minute book;
- all executed contracts of the company, including any management agreement between the administrator and the company owners;
- all executed minutes/resolutions of the board of directors/shareholders of the company;
- the company's corporate register, including the company's register of members, register of directors and secretary, registered office and charges if any;
- all Powers of Attorney issued by the company;
- all declarations of trust and/or any trust deeds concluded between the trustee and the company's beneficiaries, and/or deed of termination and release, including know-your-client (KYC) documents;
- any letters issued on behalf or to the company;

- certificate of non-bankruptcy if requested to be issued by the Official Receiver of the Republic of Cyprus that the company is not under liquidation;
- incumbency certificate, if applicable;
- the company's financial statements as of the company's incorporation;
- any applications filed with the Cyprus Registrar in relation to any share transfer, any increase and/or decrease of the company's share capital, any change of the directors and/or secretary of the company;
- any letters of appointment of directors/secretary;
- any letters of resignation of directors/secretary;
- instruments of transfer;
- shares certificate;
- any court orders issued against the company, if any;
- any tax returns filed with the tax authorities;
- application to the VAT authorities for registration, if applicable; and
- any documents issued on behalf and/or to the company.

*See* Law Secs. 139 (minutes of all proceedings of general meetings), 105 (obligation to keep a Register of Members), 118 (Annual Return), 192 (Register of Directors and Secretaries), 141 (Keeping of books of account), 98 and 99 (Register of charges and mortgages) and section 25 (a company shall, on being so required by any member, send to him a copy of the memorandum and of the articles, if any). As to the other records kept, the Secretary of the company, even though the Law does not specify what the duties of the Secretary are, is responsible to maintain the statutory books of the company, to keep and file various documentation of the company and submit required statutory declarations and reports.

    5.    It is the responsibility of the secretary, *inter alia*, to maintain the statutory books of the company such as the register of members and directors, the minutes book, the register of charges *etc.*, to keep and file various documentation of the company. A company's failure to comply with its obligations, including fiscal obligations, can lead to consequences and liabilities to the company and penalties may be imposed upon the company and/or its officers. Section 308

of the Law, for example, states that if any officer or contributory of a company being wound up destroys, mutilates, alters or falsifies any books, papers or securities, or makes or is privy to the making of any false or fraudulent entry in any register, book of account or document belonging to the company with intent to defraud or deceive any person, he shall be guilty of an offence and on convictions thereof be liable to imprisonment not exceeding two years.

6. I understand that there is an issue in this case as to whether Gilad Sharon is a beneficial owner of Omniway and, if so, whether he is liable for a promissory note Omniway issued but never paid. One would expect Omniway to have had corporate records relevant to this issue. Among other things, such documents could have established whether the company was a company properly managed and controlled in Cyprus, as opposed to an 'empty shell' company merely to be used for the avoidance of taxes or to commit any fraudulent activities.

7. For example, Omniway's Memorandum and Articles of Association would set forth the liability of the company's shareholders under the Law, *i.e.*, limited, unlimited or limited by guarantee, *etc*. *See* Law Sec. 4(2). Just because Omniway had the word "Limited" in its name did not, by itself, transform it into a limited liability company. The Memorandum and Articles of Association would have answered this question. Know-your-client (KYC) documents, in turn, would have identified any beneficial owners behind the nominal shareholders.

8. Executed management administration contracts also would have been significant here, as it is common practice for shareholders and beneficial owners of a Cyprus company to personally undertake the maintenance and solvency of the company so that at any moment the company meets its financial obligations in regards to its business and commercial activities and provide guarantee and indemnification to the company's officers and administrators from all liabilities that may arise in relation to the company's activities.

9. Further, Omniway's books and records would have been highly relevant to any

piercing-the-corporate-veil analysis. In the case of *Bank of Cyprus (Holdings) Ltd v. Republic of Cyprus, Through the Commissioner of Income Tax* (1985) 3C C.L.R. 1883 (annexed hereto as Exhibit C), the Supreme Court of Cyprus held that the courts of Cyprus have the power to pierce the corporate veil in appropriate circumstances. In that case, the Judge made reference to a number of cases whereby the question to be answered was whether a subsidiary was carrying on the business as the parent company's business or as its own. The Supreme Court, after citing from the judgement held in *Smith, Stone and Knight Ltd v. Lord Mayor* (1939) 4 All E.R. 116, approved that the relevant factors include:

> Were the profits treated as the profits of the company?—when I say 'the company' I mean the parent company—secondly, were the persons conducting the business appointed by the parent company? Thirdly, was the company the head and the brain of the trading venture? Fourthly, did the company govern the adventure, decide what should be done and what capital should be embarked on the venture? Fifthly, did the company make the profits by its skill and direction? Sixthly, was the company in effectual and constant control?

*Id.* at 1890. The same legal analysis can be argued in the situation of a beneficial owner of a company who has misused or disregarded the corporate form in this manner.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
LAMBROS SOTERIOU

Dated: Nicosia, Cyprus
June 22, 2012