# The Companies Law

## CHAPTER 113

### Amending Laws

**9 of 1968**
**76 of 1977**
**17 of 1979**
**105 of 1985**
**198 of 1986**
**19 of 1990**
**46(I) of 1992**
**96(I) of 1992**
**41 (I) of 1994**
**15(I) of 1995**
**21(I) of 1997**
**82(I) of 1999**
**149(I) of 1999**
**2(I) of 2000**
**135(I) of 2000**
**151(I) of 2000**
**76(I) of 2001**
**70(I) of 2003**
**167(I) of 2003**
**92(I) of 2004**
**24(I) of 2005**
**129(I) of 2005**
**130(I) of 2005**
**98(I) of 2006**
**124(1) of 2006.**

---

**September 2006**

"share warrant" has the meaning assigned to it by subsection (2) of section 81;

"statutory declaration" means an affidavit or other declaration made on oath or affirmation;

"statutory meeting" means the meeting required to be held by subsection (1) of section 124;

"statutory report" has the meaning assigned to it by subsection (2) of section 124;

"subsidiary" means a subsidiary as defined in section 148;

"Table A" means Table A in the First Schedule;

"the time of the opening of the subscription lists" has the meaning assigned to it by subsection (1) of section 50.

(2) A person shall not be deemed to be within the meaning of any provision in this Law a person in accordance with whose directions or instructions the directors of a company are accustomed to act, by reason that the directors of the company act on advice given by him in a professional capacity.

<table>
<tr><td>2(b) of 70(I) of 2003.</td><td>(3) References in this Law to a body corporate or to a corporation shall be construed as to also include a company incorporated outside the Republic.</td></tr>
</table>

(4) Any such provision of this Law overriding or interpreting a company's articles shall, except as provided by this Law, apply in relation to articles in force at the commencement of this Law, as well as to articles coming into force thereafter, and shall apply also in relation to a company's memorandum as it applies in relation to its articles.

## PART I - INCORPORATION OF COMPANIES AND MATTERS INCIDENTAL THERETO

### *Memorandum of Association*

<table>
<tr><td>Mode of forming incorporated company.</td><td>3.-(1) Any seven or more persons, or, where the company to be formed will be a private company, any two or more persons, associated for any lawful purpose may, by subscribing their names to a memorandum of association and otherwise complying with the requirements of this Law in respect of registration, form an incorporated company, with limited liability.</td></tr>
</table>

(2) Such a company may be either-

(a) a company having the liability of its members limited by the memorandum to the amount, if any, unpaid on the shares respectively held by them (in this Law termed "a company limited by shares") or

(b)  a company having the liability of its members limited by the memorandum to such amount as the members may respectively thereby undertake to contribute to the assets of the company in the event of its being wound up (in this Law termed "a company limited by guarantee").

<div style="margin-left:2em;">
**Requirements with respect to memorandum.**
*3(a) of 70(I) of 2003.*
*2 of 24(I) of 2005.*
*2 of 129(I) of 2005.*
</div>

4.-(1) The memorandum of every company must state-

*(a)*   **(i)   concerning a private company, the name of the company, with the word 'λίμιτεδ' or 'λτδ' or where the name of the company is written in Latin characters, the word 'limited' or 'ltd', as the last word of the name;**

   **(ii)   concerning a public company, the name of the company, with 'δημόσια λίμιτεδ' or 'δημόσια εταιρεία λίμιτεδ' or 'δ.ε. λτδ' or, where the name of the company is written Latin characters, the words 'Public Company Limited' or 'Public Company Ltd' or 'Public Co. Limited' or 'Public Co. Ltd.' or 'P.L.C.' or 'Public Limited' or 'Public Ltd', as the last words of the name;**

<div style="margin-left:2em;">*3 of 98(I) of 2006.*</div>

   **(iii)   Concerning an SE company, the name of the company together with the latin characters "SE", as the last word of the name.**

*(b)*   the objects of the company.

(2)  The memorandum of a company whether limited by shares or by guarantee must state that the liability of its members is limited.

(3)  The memorandum of a company limited by guarantee must also state that each member undertakes to contribute to the assets of the company in the event of its being wound up while he is a member, or within one year after he ceases to be a member, for payment of the debts and liabilities of the company contracted before he ceases to be a member, and of the costs, charges and expenses of winding up, and for adjustment of the rights of the contributories among themselves, such amount as may be required, not exceeding a specified amount.

(4)  In the case of a company having a share capital-

*(a)*   the memorandum must also state the amount of share capital with which the company proposes to be registered and the division thereof into shares of a fixed amount;

*(b)*   no subscriber of the memorandum may take less than one share;

*(c)*   each subscriber must write opposite to his name the number of shares he takes.

<div style="margin-left:2em;">*3(b) of 70(I) of 2003.*</div>

**(5) The memorandum of a public company –**

guarantee.

(2) For the purpose of the provisions of this Law relating to the memorandum of a company limited by guarantee and of this section, every provision in the memorandum or articles, or in any resolution, of a company limited by guarantee and registered on or after the date aforesaid, purporting to divide the undertaking of the company into shares or interests shall be treated as a provision for a share capital, notwithstanding that the nominal amount or number of the shares or interests is not specified thereby.

**Alterations in memorandum or articles increasing liability to contribute to share capital not to bind existing members without consent.**

23. Notwithstanding anything in the memorandum or articles of a company, no member of the company shall be bound by an alteration made in the memorandum or articles after the date on which he became a member, if and so far as the alteration requires him to take or subscribe for more shares than the number held by him at the date which the alteration is made, or in any way increases his liability as at that date to contribute to the share capital of, or otherwise to pay money to, the company:

Provided that this section shall not apply in any case where the member agrees in writing, either before or after the alteration is made, to be bound thereby.

**Power to alter conditions in memorandum which could have been contained in articles.**

24. -(1) Subject to the provisions of sections 23 and 202, any condition contained in a company's memorandum which could lawfully have been contained in articles of association instead of in the memorandum may, subject to the provisions of this section, be altered by the company by special resolution. The alteration shall not take effect until, and except in so far as, it is confirmed on petition by the Court.

(2) This section shall not apply where the memorandum itself provides for or prohibits the alteration of all or any of the said conditions, and shall not authorize any variation or abrogation of the special rights of any class of members.

(3) Subsections (3), (4), (5), (6) and (7) of section 7 shall apply in relation to any alteration and to any petition made under this section as they apply in relation to alterations and to petitions made under that section.

(4) This section shall apply to a company's memorandum whether registered before or after the commencement of this Law.

**Copies of memorandum and articles to be given to members.**

25. -(1) A company shall, on being so required by any member, send to him a copy of the memorandum and of the articles, if any, subject to payment of fifty mils or such less sum as the company may prescribe.

(2) If a company makes default in complying with this section the company and every officer of the company who is in default shall be liable for each offence to a fine not exceeding £25.

*4 of 166 of 1987.*

**Issued copies of**

26. - (1) Where an alteration is made in the memorandum of a company, every

*Provisions as to Company's Register of Charges
and Book of Mortgages and as to Copies
of Instruments creating Charges and Mortgages*

Copies of
instruments
creating charges
and mortgages
to be kept by
company.

98. Every company shall cause a copy of every instrument creating any charge requiring registration or any mortgage requiring recording under this Part to be kept at the registered office of the company:

Provided that, in the case of a series of uniform debentures, a copy of one debenture of the series shall be sufficient.

Company's
register of
charges and
book of
mortgages.

99. -(1) Every company shall keep at the registered office of the company a register of charges and enter therein all charges specifically affecting property of the company   company's and all floating charges on the undertaking or any property of the company, giving in  register of each case a short description of the property charged, the amount of the charge, and, charges and book except in the case of securities to bearer, the names of the persons entitled and a book wherein to record particulars of every mortgage on the company's immovable property effected under any Law relating to the registration of mortgages of immovable property in force for the time being.

(2) If any officer of the company knowingly and wilfully authorises or permits the omission of any entry required to be made in pursuance of this section, he shall be liable to a fine not exceeding £250.

4 *of* 166 *of*
1987.

Right to
inspect.

100. -(1) The copies or instruments creating any charge requiring registration and the particulars of mortgages requiring recording under this Part with the registrar of Right to inspect, companies, and the register of charges and book of mortgages kept in pursuance of section 99, shall be open during business hours (but subject to such reasonable restrictions as the company in general meeting may impose, so that not less than two hours in each day shall be allowed for inspection) to the inspection of any creditor or member of the company without fee, and the register of charges and book of mortgages shall also be open to the inspection of any other person on payment of such fee, not exceeding fifty mils for each inspection, as the company may prescribe.

4 *of* 166 *of*
1987.
4 *of* 166 *of*
1987.

(2) If inspection of the said copies or register or book is refused, every officer of the company who is in default shall be liable to a fine not exceeding £25 and a further fine not exceeding £25 for every day during which the refusal continues.

(3) If any such refusal occurs in relation to a company registered in the Republic, the Court may by order compel an immediate inspection of the copies, register or book.

**and of the obligations that have been undertaken;**

(ii)   **A certification by a Bank, having its registered office or place of doing business in the Republic, that an amount, that is equal to at least the minimum capital laid down in accordance with section 4A, has been paid up in a bank account kept by the company in that Bank.**

24(b) *of* 70 (I) *of* 2003.

(4)  The registrar of companies shall, on the delivery to him of **the aforementioned statutory declarations**, and, in the case of a company which is required by this section to deliver a statement in lieu of prospectus, of such a statement, certify that the company is entitled to commence business, and that certificate shall be conclusive evidence that the company is so entitled.

24(c) *of* 70 (I) *of* 2003.

(5)  Any contract made by a company before the date at which it is entitled to commence business shall be provisional only, and shall not be binding on the company until that date, and on that date it shall become binding.

4 *of* 166 *of* 1987.

(6) If any company commences business or exercises borrowing powers in contravention of this section, every person who is responsible for the contravention shall, without prejudice to any other liability, be liable to a fine not exceeding £250 for every day during which the contravention continues.

(7) Nothing in this section shall apply to a private company.

*Register of Members*

Register of members.

105. -(1) Every company shall keep a register of its members and enter therein the following particulars:-

(a)  the names and addresses of the members, and in the case of a company having a share capital a statement of the shares held by each member, distinguishing each share by its number so long as the share has a number, and of the amount paid or agreed to be considered as paid on the shares of each member;

(b)  the date at which each person was entered in the register as a member;

(c)  the date at which any person ceased to be a member:

Provided that, where the company has converted any of its shares into stock and the amount of stock held by each member instead of the amount of shares and the particulars relating to shares specified in paragraph (a) of this subsection.

(2) The register of members shall be kept at the registered office of the company:

Provided that,-

> (a) if the work of making it up is done at another office of the company, it may be kept at that other office; and
>
> (b) if the company arranges with some other person for the making up of the register to be undertaken on behalf of the company by that other person, it may be kept at the office of that other person at which the work is done,

so, however, that it shall not be kept, in the case of a company registered in the Republic, at a place outside the Republic.

(3) Every company shall send notice to the registrar of companies of the place where its register of members is kept and of any change in that place:

> Provided that a company shall not be bound to send notice under this subsection where the register has, at all times since it came into existence or, in the case of a register in existence at the commencement of this Law, at all times since then, been kept at the registered office of the company.

(4) Where a company makes default in complying with subsection (1) or makes default for fourteen days in complying with subsection (3), the company and every officer of the company who is in default shall be liable to a default fine.

**Index of members.**

106. - (1) Every company having more than fifty members shall, unless the register of members is in such a form as to constitute in itself an index, keep an index of the names of the members of the company and shall, within fourteen days after the date on which any alteration is made in the register of members, make any necessary alteration in the index.

(2) The index shall in respect of each member contain a sufficient indication to enable the account of that member in the register to be readily found.

(3) The index shall be at all times kept at the same place as the register of members.

(4) If default is made in complying with this section, the company and every officer of the company who is in default shall be liable to a default fine.

**Provisions as to entries in register in relation to share warrants.**

107. -(1) On the issue of a share warrant the company shall strike out of its register of members the name of the member then entered therein as holding the shares specified in the warrant as if he had ceased to be a member, and shall enter in the register the following particulars, namely:-

> (a) the fact of the issue of the warrant;
>
> (b) a statement of the shares included in the warrant, distinguishing each share by its number so long as the share has a number; and
>
> (c) the date of the issue of the warrant.

(except the proviso thereto) and sections 108 and 111 shall, subject to any modifications and adaptations specified in the Order of the Council of Ministers, apply to and in relation to any such branch registers kept in the Republic as they apply to and in relation to the registers of companies within the meaning of this Law.

(2) For the purposes of this section, the expression "Her Majesty's dominions" includes any territory which is under Her Majesty's protection or in respect of which a mandate under the League of Nations has been accepted by Her Majesty.

*11-12 Geo. 6. c. 8.*

(3) For the purposes of the Mandated and Trust Territories Act, 1947 (which makes provision as to the application and modification of enactments in relation to such mandates as aforesaid and the trusteeship system of the United Nations), subsections (1) and (2) shall be deemed to be contained in an Act of an earlier session than that Act.

*Annual Return*

*Annual return to be made by company having a share capital.*

118. -(1) Every company having a share capital shall, once at least in every year, make a return containing with respect to the registered office of the company, registers of members and debenture holders, shares and debenture, indebtedness, past and present members and directors and secretary, the matters specified in Part I of the Sixth Schedule, and the said return shall be in the form set out in Part II of that Schedule or as near thereto as circumstances admit:

*Sixth Schedule.*

Provided that-

(a) a company need not make a return under this subsection either in the year of its incorporation or, if it is not required by section 125 to hold an annual general meeting during the following year, in that year;

*Sixth Schedule, Part I.*

(b) where the company has converted any of its shares into stock and given notice of the conversion to the registrar of companies, the list referred to in paragraph 5 of Part I of the said Sixth Schedule must state the amount of stock held by each of the existing members instead of the amount of shares and the particulars relating to shares required by that paragraph; and

(c) the return may, in any year, if the return for either of the two immediately receding years has given as at the date of that return the full particulars required by the said paragraph 5, give only such of the particulars required by that paragraph as relate to persons ceasing to be or becoming members since the date of the last return and to shares transferred since that date or to changes as compared with that date in the amount of stock held by a member.

(2) In the case of a company keeping a dominion register-

(a) references in proviso (c) to subsection (1) to the particulars required by

the said paragraph 5 shall be taken as not including any such particulars contained in the dominion register, in so far as copies of the entries containing those particulars are not received at the registered office of the company before the date when the return in question is made; and

(b)   where an annual return is made between the date when any entries are made in the dominion register and the date when copies of those entries are received at the registered office of the company, the particulars contained in those entries, so far as relevant to an annual return, shall be included in the next or a subsequent annual return as may be appropriate having regard to the particulars included in that return with respect to the company's register of members.

(3) If a company fails to comply with this section, the company and every officer of the company who is in default shall be liable to a default fine.

(4) For the purposes of this section and of Part I of the Sixth Schedule the expressions "director" and "officer" shall include any person in accordance with whose directions or instructions the directors of the company are accustomed to act.

Annual return to be made by company not having a share capital.

119.-(1) Every company not having a share capital shall once at least in every calendar year make a return stating-

(a)   address of the registered office of the company;

(b)   in a case in which the register of members is, under the provisions of this Law, kept elsewhere than at the office, the address of the place where it is kept;

(c)   in a case in which any register of holders of debentures of the company is, under the provisions of this Law, kept, elsewhere than at the registered office of the company, the address of the place where it is kept;

(d)   all such particulars with respect to the persons who at the date of the return are the directors of the company and any person who at that date is secretary of the company as are by this Law required to be contained with respect to directors and the secretary respectively in the register of directors and secretaries of a company:

Provided that a company need not make a return under this subsection either in the year of its incorporation or, if it is not required by section 125 to hold an annual general meeting during the following year, in that year.

(2) There shall be annexed to the return a statement containing particulars of the total amount of the indebtedness of the company in respect of all charges and mortgages which are required to be registered or recorded with the registrar of companies under this Law or which would have been required so to be registered if created after the 1st day of July, 1922.

the resolution shall for all purposes be treated as having been passed on the date on which it was in fact passed, and shall not be deemed to have been passed on any earlier date.

**Minutes of proceedings of meetings of company and of directors and managers.**

139. - (1) Every company shall cause minutes of all proceedings of general meetings, all proceedings at meetings of its directors and, where there are managers, all proceedings at meetings of its managers to be entered in books kept for that purpose.

(2) Any such minute if purporting to be signed by the chairman of the meeting at which the proceedings were had, or by the chairman of the next succeeding meeting, shall be evidence of the proceedings.

(3) Where minutes have been made in accordance with the provisions of this section of the proceedings at any general meeting of the company or meeting of directors or managers, then, until the contrary is proved, the meeting shall be deemed to have been duly held and convened, and all proceedings had thereat to have been duly had, and all appointments of directors, managers or liquidators shall be deemed to be valid.

(4) If a company fails to comply with subsection (1), the company and every officer of the company who is in default shall be liable to a default fine.

**Inspection of minute books.**

140. - (1) The books containing the minutes of proceedings of any general meeting of a company shall be kept at the registered office of the company, and shall during business hours (subject to such reasonable restrictions as the company may by its articles or in general meeting impose, so that not less than two hours in each day be allowed for inspection) be open to the inspection of any member without charge.

*7 of 76 of 1977.*

(2) Any member shall be entitled to be furnished within seven days after he has made a request in that behalf to the company with a copy of any such minutes as aforesaid at a charge not exceeding 50 mils for every hundred words.

*4 of 166 of 1987.*
*4 of 166 of 1987.*

(3) If any inspection required under this section is refused or if any copy required under this section is not sent within the proper time, the company and every officer of the company who is in default shall be liable in respect of each offence to a fine not exceeding £25 and further to a default fine of £25.

(4) In the case of any such refusal or default, the Court may by order compel an immediate inspection of the books in respect of all proceedings of general meetings or direct that the copies required shall be sent to the persons requiring them.

*5 of 167(I) of 2003.*

Keeping of books of account.
*6(a) of 167(I) of 2003.*

*Financial Accounts and Audit*

**141. - (1) The directors shall ensure that proper books of account are kept that are deemed necessary for financial accounts in accordance with this Law.**

**(2) For the purposes of subsection (1), proper books of account shall not be deemed to be kept if there are not kept such books as are necessary to give a true and fair view of the state of the company's affairs and to explain its transactions.**

(3) The books of account shall be kept at the registered office of the company or at such other place as the directors think fit, and shall at all times be open to inspection by the directors:

Provided that if books of account are kept at a place outside the Republic there shall be sent to, and kept at a place in, the Republic and be at all times open to inspection by the directors such accounts and returns with respect to the business dealt with in the books of account so kept as will disclose with reasonable accuracy the financial position of that business at intervals not exceeding six months and will enable to be prepared in accordance with this Law the company's balance sheet, its profit and loss account or income and expenditure account, and any document annexed to any of those documents giving information which is required by this Law and is thereby allowed to be so given.

*6(b) of 167(I) of 2003.*

**(4) If a director of a company fails to take all reasonable steps to secure compliance with the requirements of this section, he shall be guilty of a criminal offence and shall be liable on conviction to imprisonment for a period not exceeding one year or to a fine not exceeding £1000 or to both such penalties:**

*6(c) of 167(I) of 2003.*

**Provided that, in any proceedings against a person in respect of an offence under this section, consisting of a failure to take reasonable steps to secure compliance by the company with the requirements of this section, it shall be a defence to prove that he had reasonable grounds to believe, and did believe, that a competent and reliable person was charged with the duty of seeing that those requirements were complied with and was in a position to discharge that duty.**

Annual and consolidated financial

**142. -(1)(a) The directors of the company shall cause to be drawn up for every company a full set of financial accounts as this set is prescribed on the basis of International Accounting Standards.[34]**

---

[34] Directive 2003/51/EC:

nature of his interest at a meeting of the directors of the company.

(2) In the case of a proposed contract the declaration required by this section to be made by a director shall be made at the meeting of the directors at which the question of entering into the contract is first taken into consideration, or if the director was not at the date of that meeting interested in the proposed contract, at the next meeting of the directors held after he became so interested, and in a case where the director becomes interested in a contract after it is made, the said declaration shall be made at the first meeting of the directors held after the director becomes so interested.

(3) For the purposes of this section, a general notice given to the directors of a company by a director to the effect that he is a member of a specified company or firm and is to be regarded as interested in any contract which may, after the date of the notice, be made with that company or firm, shall be deemed to be a sufficient declaration of interest in relation to any contract so made:

Provided that no such notice shall be of effect unless either it is given at a meeting of the directors or the director takes reasonable steps to secure that it is brought up and read at the next meeting of the directors after it is given.

<div style="display:flex"><div style="width:25%">

*4 of* 166 *of* 1987.

</div><div>

(4) Any director who fails to comply with the provisions of this section shall be liable to a fine not exceeding £500.

</div></div>

(5) Nothing in this section shall be taken to prejudice the operation of any rule of law restricting directors of a company from having any interest in contracts with the company.

<div style="display:flex"><div style="width:25%">

Register of directors and secretaries.

</div><div>

192. -(1) Every company shall keep at its registered office a register of its directors and secretaries.

</div></div>

(2) The said register shall contain the following particulars with respect to each director, that is to say:-

<div style="display:flex"><div style="width:25%">

**151(I)** *of* **2000.**

</div><div>

*(a)*   in the case of an individual, his present Christian name and surname, any former Christian name or surname, his usual residential address, his nationality, his business occupation, if any, particulars of any other directorships held by him; **and**

</div></div>

<div style="display:flex"><div style="width:25%">

**151(I)** *of* **2000.**

</div><div>

*(b)*   in the case of a corporation, its corporate name and registered or principal office; **and**

</div></div>

<div style="display:flex"><div style="width:25%">

**151(I)** *of* **2000.**

</div><div>

*(c)*   **whether he shall be acting on behalf of the company or on his own accord or whether he has an obligation to act jointly with other directors:**

</div></div>

Provided that it shall not be necessary for the register to contain particulars of directorships held by a director in companies of which the company is the wholly-owned subsidiary, or which are the wholly-owned subsidiaries either of the

company or of another company of which the company is the wholly-owned subsidiary, and for the purposes of this proviso-

    (i)  the expression "company" shall include any body corporate incorporated in the Republic; and

    (ii)  a body corporate shall be deemed to be the wholly-owned subsidiary of another if it has no members except that other and that other's wholly-owned subsidiaries and its or their nominees.

(3) The said register shall contain the following particulars with respect to the secretary or, where there are joint secretaries, with respect to each of them, that is to say:

    (a)  in the case of an individual, his present Christian name and surname, any former Christian name and surname and his usual residential address; and

    (b)  in the case of a corporation, its corporate name and registered office.

(4) The company shall, within the periods respectively mentioned in subsection (5), send to the registrar of companies a return in the prescribed form containing the particulars specified in the said register and a notification in the prescribed form of any change among its directors or in its secretary or in any of the particulars contained in the register, specifying the date of the change.

(5) The periods referred to in subsection (4) are the following, namely:-

    (a)  the period within which the said return is to be sent shall be a period of fourteen days from the appointment of the first directors of the company; and

    (b)  the period within which the said notification of a change is to be sent shall be fourteen days from the happening thereof:

Provided that, in the case of a return containing particulars with respect of any person who is the company's secretary at the commencement of this Law, the period shall be fourteen days from the commencement of this Law.

(6) The register to be kept under this section shall during business hours (subject to such reasonable restrictions as the company may by its articles or in general meeting impose, so that not less than two hours in each day be allowed for inspection) be open to the inspection of any member of the company without charge and of any other person on payment of fifty mils, or such less sum as the company may prescribe, for each inspection.

(7) If any inspection required under this section is refused or if default is made in complying with subsection (1), (2), (3) or (4), the company and every officer of the company who is in default shall be liable to a default fine.

(8) In the case of any such refusal, the Court may by order compel an immediate inspection of the register.

(9) For the purposes of this section-

   *(a)*  a person in accordance with whose directions or instructions the directors of a company are accustomed to act shall be deemed to be a director and officer of the company;

   *(b)*  the expression "Christian name" includes a forename;

   *(c)*  references to a former Christian name or surname do not include-

      *(i)*  in the case of any person, a former Christian name or surname where that name or surname was changed or disused before the person bearing the name attained the age of eighteen years or has been changed or disused for a period of not less than twenty years; or

      *(ii)*  in the case of a married woman, the name or surname by which she was known previous to the marriage.

Particulars with respect to directors in trade catalogues, circulars, etc.

193. -(1) Every company to which this section applies shall, in all trade catalogues, trade circulars and business letters on or in which the company's name appears and which are issued or sent by the company to any person in any part of Her Majesty's dominions, state in legible characters with respect to every director being -

   *(a)*  his present Christian name, or the initials thereof, and present surname;

   *(b)*  any former Christian names and surnames;

   *(c)*  his nationality, if not British:

Provided that, if special circumstances exist which render it in the opinion of the Council of Ministers expedient that such an exemption should be granted, the Council of Ministers may by order grant, subject to such conditions as may be specified in the order, exemption from the obligations imposed by this subsection.

(2) This section shall apply to-

   *(a)*  every company registered under this Law, or the Laws repealed thereby; and

   *(b)*  every company incorporated outside the Republic which has an established place of business within the Republic.

(3) If a company makes default in complying with this section every officer of the company who is in default shall be liable on conviction for each offence to a fine not exceeding £25, and for the purposes of this subsection, where a

<div style="float:left; width:25%;">

*3 of 166 of 1987.*

Penalty for falsification of books.

Frauds by officers of companies which have gone into liquidation.

Liability where proper accounts not kept.

</div>

imprisonment not exceeding 2 years or to fine not exceeding £1500 or to both such imprisonment and fine.

(3) For the purposes of this section, the expression "officer" shall include any person in accordance with whose directions or instructions the directors of a company have been accustomed to act.

308. If any officer or contributory of any company being wound up destroys, mutilates, alters or falsifies any books, papers or securities, or makes or is privy to the making of any false or fraudulent entry in any register, book of account or document belonging to the company with intent to defraud or deceive any person, he shall be guilty of an offence, and on conviction thereof be liable to imprisonment not exceeding two years.

309. If any person, being at the time of the commission of the alleged offence an officer of a company which is subsequently ordered to be wound up by the Court or which subsequently passes a resolution for voluntary winding up,-

   *(a)*  has by false pretences or by means of any other fraud induced any person to give credit to the company;

   *(b)*  with intent to defraud creditors of the company, has made or caused to be made any gift or transfer of or charge on, or has caused or connived at the levying of any execution against, the property of the company;

   *(c)*  with intent to defraud creditors of the company, has concealed or removed any part of the property of the company since, or within two months before, the date of any unsatisfied judgment or order for payment of money obtained against the company,

he shall be guilty of an offence and shall be liable on conviction to imprisonment not exceeding two years.

310. -(1) If where a company is wound up it is shown that proper books of account were not kept by the company throughout the period of two years immediately where preceding  the commencement of the winding up, or the period  between the incorporation of the company and the commencement of the winding up, whichever is the shorter, every officer of the company who is in default shall, unless he shows that he acted honestly and that in the circumstances in which the business of the company was carried on the default was excusable, be liable on conviction to imprisonment not exceeding one year.

(2) For the purposes of this section, proper books of account shall be deemed not to have been kept in the case of any company if there have not been kept such books or accounts as are necessary to exhibit and explain the transactions and financial position of the trade or business of the company, including books containing entries from day to day in sufficient detail of all cash received and cash paid, and, where the trade or business has involved dealings in goods, statements of the annual stocktakings and (except in the case of goods sold by way of