UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAGI GENGER and TPR INVESTMENT
ASSOCIATES, INC., on behalf of AG
PROPERTIES CO.,

        Third-Party Plaintiffs,

    v.

GILAD SHARON, LERNER MANOR
TRUSTEESHIPS, LTD. and OMNIWAY
LIMITED,

        Third-Party Defendants.

CASE NO.  10-CIV-4506 (SAS)(GWG)

ECF CASE

---

## THIRD PARTY DEFENDANT GILAD SHARON'S TRIAL MEMORANDUM OF LAW

William B. Wachtel
Elliot Silverman
**WACHTEL MASYR & MISSRY LLP**
One Dag Hammarskjold Plaza
885 Second Avenue, 47th Floor
New York, New York 10017
Tel:  (212) 909-9500
Email:  Wachtel@wmllp.com
Email:  esilverman@wmllp.com

*Attorneys for Third-Party Defendant
Gilad Sharon*

# TABLE OF CONTENTS

I.     THIS COURT LACKS PERSONAL JURISDICTION OVER MR. SHARON.............1

II.    THE PURPORTED OMNIWAY NOTE IS INADMISSIBLE UNDER
       THE BEST EVIDENCE RULE ...................................................................2

III.   THIRD PARTY PLAINTIFFS ARE NOT ENTITLED TO INDEMNITY
       OR CONTRIBUTION ............................................................................5

CONCLUSION .......................................................................................7

# TABLE OF AUTHORITIES

## Cases

*Credit Lyonnais Securities v. Alcantara,*
  183 F.2d 151 (2d Cir. 1999) ..................................................................................1

*Gabriel Capital v. NatWest Finance,*
  137 F.Supp.2d 251 (S.D.N.Y. 2000) .......................................................................5

*Genger v. Genger,*
  Index No. 100697/2008 (Sup. Ct. N.Y. Co.)...........................................................7

*Goldhirsch Group, Inc. v. Alpert,*
  107 F.3d 105 (2d Cir. 1997) ...................................................................................4

*In re Adelphia Communications Corp.,*
  322 B.R. 509 (Bankr. S.D.N.Y. 2007) ................................................................. 5-6

*In re Amp'd Mobile, Inc.,*
  404 B.R. 118 (Bankr. D. Del. 2009) .......................................................................6

*In re Del-Val Fin. Corp. Sec. Litig.,*
  868 F.Supp. 547 (S.D.N.Y. 1994) ..........................................................................5

*Johnson-McClean Technologies v. Millenium Information Technology Group,*
  2003 WL 192175 *7 (S.D.N.Y. 2003) ....................................................................4

*King County v. IKB Deutsche Industriebank,*
  769 F.Supp.2d 309 (S.D.N.Y. 2011) ................................................................... 1-2

*Opals on Ice Lingerie v. Body Lines, Inc.,*
  320 F.3d 362 (2d Cir. 2003) ...................................................................................3

*People's Democratic Republic of Yemen v. Goodpasture, Inc.*
  782 F.2d 346 (2d Cir. 1986) ...................................................................................5

*Perkins Eastman Architects, P.C. v. Thor Engineers,*
  769 F.Supp.2d 322 (S.D.N.Y. 2011) .......................................................................6

*Posven, C.A. v. Liberty Mutual Ins. Co.,*
  303 F.Supp.2d 391 (S.D.N.Y. 2004) .......................................................................2

*Pro Bono Investments v. Gerry,*
    2005 WL 2429777 *5 (S.D.N.Y. 2005) ............................................................. 3-4

*Savin v. Ranier,*
    898 F.2d 304 (2d Cir. 1990) ...................................................................... 1

*Schozer v. William Penn Life Ins. Co.,*
    84 N.Y.2d 639, 620 N.Y.S.2d 797 (1994).......................................................... 4

*Shelly v. Doe,*
    249 A.D.2d 756, 671 N.Y.S.2d 803 (3d Dep't 1998)............................................. 6

*Structure Tone, Inc. v. Universal Services Group,*
    87 A.D.3d 909, 929 N.Y.S.2d 242 (1st Dep't 2011)............................................. 6

*Tycoons Worldwide Group v. JBL Supply, Inc.,*
    721 F.Supp.2d 194 (S.D.N.Y. 2010) ............................................................... 7

*Uzan v. Telsin Mobil Telekonunikasyon,*
    51 A.D.3d 478, 856 N.Y.S.2d 625 (1st Dep't 2008)............................................. 2

Third Party Defendant Gilad Sharon respectfully submits this Trial Memorandum of Law with respect to the legal issues expected to arise at the trial of this action.

## I.  THIS COURT LACKS PERSONAL JURISDICTION OVER MR. SHARON

Third Party Plaintiffs bear the burden of proving that Mr. Sharon is subject to personal jurisdiction in New York. *King County v. IKB Deutsche Industriebank*, 769 F.Supp.2d 309, 313 (S.D.N.Y. 2011) (Scheindlin, J.). Because no motion hearing was held on this issue, Third Party Plaintiffs "must prove the jurisdictional facts by a preponderance of the evidence . . . at trial." *Credit Lyonnais Securities v. Alcantara*, 183 F.2d 151, 154 (2d Cir. 1999).

Mr. Sharon is a citizen and resident of Israel. To be subject to long-arm jurisdiction in New York, Mr. Sharon must have transacted business in New York, and the claim against him must arise directly out of this activity. *King County*, 769 F.Supp.2d at 313. "Transacting business" means "some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* at 315 (citations omitted). Moreover, "[t]here must be a substantial relationship between the transaction and the claim asserted." *Id.*

Here, the claim asserted is based on the purported Omniway Note. Assuming that the note is genuine (*but see* Point II, *infra*), it was given by a Cypriot corporation to a Nova Scotia corporation, and states on its face that it is governed by Nova Scotia law. Although the words "New York, New York" appear on the copy of the note proffered by the Third Party Plaintiffs, their significance, if any, is not explained. The mere fact that New York is designated as the place of payment of a note is *not* sufficient to exercise personal jurisdiction over a nonresident maker of the note. *Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir. 1990) (citing New York cases).

Third Party Plaintiffs may contend that Mr. Sharon met with Sagi Genger at some point in New York. But isolated and sporadic meetings in New York are not sufficient to establish personal jurisdiction unless those meetings had "a substantial relationship to the underlying cause of action." *King county*, 769 F.Supp.2d at 316 (footnote omitted). "Courts have been justifiably skeptical of attempts to assert personal jurisdiction over a defendant based on a single meeting in New York, especially where that meeting did not play a significant role in establishing or substantially furthering the relationship of the parties." *Posven, C.A. v. Liberty Mutual Ins. Co.*, 303 F.Supp.2d 391, 398 (S.D.N.Y. 2004).

That the Third Party Complaint also asserts a claim for contribution or indemnity does not alter this analysis. Third party claims for contribution and indemnity must be supported by an independent basis for personal jurisdiction over the third party defendant. *See, e.g., Posven; Uzan v. Telsin Mobil Telekonunikasyon*, 51 A.D.3d 478, 856 N.Y.S.2d 625 (1st Dep't 2008). Here, the claim for contribution and indemnity relates solely to the management of the Canadian Venture.

The Third Party Complaint is based entirely on transactions in Canada, involving Canadian, Israeli and (allegedly) Cypriot entities. This Court lacks personal jurisdiction over Mr. Sharon.

## II. THE PURPORTED OMNIWAY NOTE IS INADMISSIBLE UNDER THE BEST EVIDENCE RULE

Although the Third Party Complaint is based on the purported Omniway Note, Third Party Plaintiffs do not have the original of that note; do not know where that alleged original is or what happened to it; and, indeed, have no witness who has ever seen the original. The purported note is signed with an illegible scrawl, with no identification of the name, title or

authority of the alleged signer. The purported Omniway Note is also incomplete on its face, referring to attached Schedules which are either blank or missing entirely.

Under the Best Evidence Rule, a duplicate of a document is not admissible in evidence where "a genuine question is raised about the original's authenticity." F.R.E. 1003; *see Opals on Ice Lingerie v. Body Lines, Inc.*, 320 F.3d 362, 371 (2d Cir. 2003). In this Court's Opinion and Order on Third Party Plaintiffs' sanctions motion, the Court ruled that Mr. Sharon could assert this defense at trial, but "will not be permitted to use his own testimony to create that 'genuine issue.'" (Doc. 129 at p. 20).

Even without Mr. Sharon's testimony, overwhelming evidence shows that there is, at the very least, a "genuine issue" as to the authenticity of the purported Omniway Note. Arie Genger, who negotiated Mr. Sharon's purchase of his interest in AG Properties Co., will testify at trial (as he did at his deposition) that Mr. Sharon purchased his interest for $25,000 in cash, not the $1,250,000 reflected on the purported Omniway Note, and that he invested through Lerner Manor Trusteeships, not through Omniway. No one has testified, or will testify, to the contrary. In 2002 and 2003, AG's lawyer, David Parnes, and its accountant, William Fischer, stated in emails that Mr. Sharon had not signed the Omniway Note and had decided instead to invest through a trust (Lerner Manor) rather than Omniway. AG Properties' books and records never reflected the Omniway Note as an asset.

On these facts, it is clear that Mr. Sharon has "raised genuine issues of material fact as to the authenticity of the alleged original of the Note so as to make the duplicate inadmissible pursuant to Federal Rule of Evidence 1003." *Pro Bono Investments v. Gerry*, 2005 WL 2429777 *5 (S.D.N.Y. 2005). "Copies of promissory notes and guaranties are admissible under the best evidence rule [only] where . . . the existence of the original writings and the authenticity and

accuracy of the copies are not disputed." *Johnson-McClean Technologies v. Millenium Information Technology Group,* 2003 WL 192175 *7 (S.D.N.Y. 2003). Here, the existence of the original Omniway Note and the authenticity and accuracy of the purportedly-signed copy are very much disputed.

"Indeed, the more important the document to the resolution of the case, the stricter becomes the requirement of the evidentiary foundation establishing loss for the admission of secondary evidence." *Schozer v. William Penn Life Ins. Co.*, 84 N.Y.2d 639, 644, 620 N.Y.S.2d 797, 799 (1994) (citations omitted). Here, Third Party Plaintiffs have proffered no explanation for their inability to produce the original Omniway Note. This strains credibility; "[i]t is suspect that reasonable business people . . . would not preserve an original of this allegedly valuable note, and the [Third Party Plaintiffs] have not provided any explanation as to how or why the original Note was lost." *Pro Bono Investments* at *5. On these facts, "the duplicate [is] inadmissible pursuant to Federal Rule of Evidence 1003." *Id.*

Third Party Plaintiffs challenge the credibility of Arie Genger, but they can present *no* affirmative evidence that the original Omniway Note was ever signed or tendered. This is insufficient; "if all the witnesses deny that an event essential to the plaintiff's case occurred, the plaintiff cannot get to the jury simply because the jury might disbelieve these denials. There must be some affirmative evidence that the event occurred." *Goldhirsch Group, Inc. v. Alpert*, 107 F.3d 105, 109 (2d Cir. 1997) (collecting cases). Moreover, even if Third Party Plaintiffs had some evidence that the Omniway Note were real—and they don't—the totality of the evidence nonetheless raises "a genuine question . . . about the original's authenticity." F.R.E. 1003. The purported Omniway Note is therefore inadmissible.

## III.    THIRD PARTY PLAINTIFFS ARE NOT ENTITLED TO INDEMNITY OR CONTRIBUTION

Third Party Plaintiffs' remaining claim is for contribution or indemnity, apparently based on the theory that, by not paying the Omniway Note, Mr. Sharon left AG Properties without sufficient funds to pay the claim of Vladimir Gusinski.  Because the Omniway Note is inadmissible, this claim necessarily fails.  (*See* Point II, *supra*).

Moreover, the Third Party Complaint simply fails as a matter of law to allege any claim for contribution or indemnity.  New York law permits indemnification only in two circumstances:  where there is an express or implied contractual agreement to indemnify, or where the indemnitee has been held vicariously liable for the tort of the indemnitor.  *E.g., Gabriel Capital v. NatWest Finance*, 137 F.Supp.2d 251, 268-69 (S.D.N.Y. 2000) (Scheindlin, J.); *In re Del-Val Fin. Corp. Sec. Litig.*, 868 F.Supp. 547, 553 (S.D.N.Y. 1994).  Neither circumstance is alleged here.

Third Party Plaintiffs do not even attempt to allege any explicit contractual promise by Mr. Sharon to indemnify the Third Party Plaintiffs.  And there is "nothing special about the contractual relationship" [among the parties] . . . that would warrant implying in fact a contract for indemnification."  *People's Democratic Republic of Yemen v. Goodpasture, Inc.*, 782 F.2d 346, 351 (2d Cir. 1986).  Indeed, there was no contract at all between Sagi Genger (the only defendant in the main action) and Mr. Sharon.

Nor is implied indemnification available in this case.  "It is well settled that, absent an express indemnification agreement, implied indemnification is appropriate only in the context of vicarious liability.  Indemnity is allowed where the party seeking indemnity is not personally at fault and did not actually contribute to the injury, but was liable to the plaintiff only vicariously."  *In re Adelphia Communications Corp.*, 322 B.R. 509, 526-27 (Bankr. S.D.N.Y. 2007) (citations

omitted). "Where the alleged indemnitee's own wrongdoing contributed to the injury suffered, indemnity will not lie." *Id.* (citing New York cases). Third Party Plaintiffs do not even allege, much less can they prove, that Sagi was held vicariously liable for any tort by Mr. Sharon.

Nor does any claim for contribution lie in this case. New York law permits contribution only among joint tortfeasors. N.Y. C.P.L.R. § 1401. "[T]he New York contribution statute may not be invoked to apportion liability arising solely from a breach of contract." *Perkins Eastman Architects, P.C. v. Thor Engineers*, 769 F.Supp.2d 322, 326 (S.D.N.Y. 2011) (collecting cases). *Accord, Structure Tone, Inc. v. Universal Services Group*, 87 A.D.3d 909, 911, 929 N.Y.S.2d 242, 245 (1st Dep't 2011).

Here, the claims in Gusinski's Complaint in the main action sounded only in contract, not in tort. It makes no difference that Gusinski also included a claim for fraudulent conveyance. Fraudulent conveyance is a remedy, which results in returning property to a corporation; it is not a tort. *In re Amp'd Mobile, Inc.*, 404 B.R. 118, 125 & n. 7 (Bankr. D. Del. 2009) (citing New York law). Under New York law, a judgment in a fraudulent conveyance action results in rescission of the fraudulent transfer, something which is "fundamentally different than receiving a damages award." *Id.* at n. 7. Accordingly, a defendant in a fraudulent conveyance action may "not assert a claim for contribution or subrogation against the Third-Party Defendants because there is no damage award to get contribution toward." *Id.* at 125.

*Shelly v. Doe*, 249 A.D.2d 756, 671 N.Y.S.2d 803 (3d Dep't 1998), is not to the contrary. *Shelly* does not discuss contribution at all; the case discusses when a debtor-creditor relationship arises in a tort case as opposed to a contract case. Here, Gusinski's claim arose out of a contract, not a tort. Accordingly, Third Party Plaintiffs' claim for contribution is insufficient as a matter of law.

Furthermore, the claim for contribution is both unsupported by the evidence and barred by collateral estoppel. In a state-court suit, *Genger v. Genger*, Index No. 100697/2008 (Sup. Ct. N.Y. Co.), Sagi brought a claim for contribution and indemnification against Arie Genger, alleging that Arie had made excessive payments from AG to Mr. Sharon. Justice Solomon, in dismissing Sagi's claim, found that "Sagi is responsible for the payment, and that it was he who valued Gilad Sharon's interest [in AG] and made the purchase [of his stock]." (Decision and Order dated August 14, 2009 at p. 6). Because Sagi himself agreed to purchase Mr. Sharon's stock in AG, he cannot now complain that Mr. Sharon did not leave sufficient funds in the company to pay its debts.

Moreover, a shareholder of a corporation is not personally liable for the corporation's debts. *E.g., Tycoons Worldwide Group v. JBL Supply, Inc.*, 721 F.Supp.2d 194, 204 (S.D.N.Y. 2010) (citing New York cases). *A fortiori*, a *former* shareholder cannot be required to contribute to the corporation's payment of a debt.

## CONCLUSION

For the foregoing reasons, judgment should be entered in favor of Third Party Defendant Gilad Sharon.

Dated: New York, New York
       November 21, 2012

**WACHTEL MASYR & MISSRY LLP**

By:     /s/ Elliot Silverman
       William B. Wachtel
       Elliot Silverman
       1 Dag Hammarskjold Plaza
       885 Second Avenue
       New York, New York 10017
       Tel: (212) 909-9500
       Wachtel@wmllp.com
       esilverman@wmllp.com
       *Attorneys for Third Party Defendant*
       *Gilad Sharon*

## CERTIFICATE OF SERVICE VIA ECF SYSTEM

I hereby certify that on the execution date stated below, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of New York, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic filing" to all counsel of record. The document that I electronically filed today is listed below.

1.  Third Party Defendant Gilad Sharon's Trial Memorandum of Law

2.  Third Party Defendant Gilad Sharon's Proposed Findings of Fact and Conclusions of Law

Executed on November 21, 2012

WACHTEL MASYR & MISSRY LLP

Attorneys for Third-Party Defendant
Gilad Sharon


_____/s/ Elliot Silverman_____
Elliot Silverman

1122874.2