UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VLADIMIR GUSINSKI,

                Plaintiff,

    v.

SAGI GENGER,

                Defendant,

    - and -

SAGI GENGER and TPR INVESTMENT ASSOCIATES, INC., on behalf of AG PROPERTIES CO.,

                Third-Party Plaintiffs,

    v.

GILAD SHARON, LERNER MANOR TRUSTEESHIPS, LTD. and OMNIWAY LIMITED,

                Third-Party Defendants.

10 Civ. 4506 (SAS) (GWG)

ECF Case

---

## DECLARATION OF JOHN DELLAPORTAS

I, JOHN DELLAPORTAS, pursuant to 28 U.S.C. § 1746(2), declare as follows:

1.     I am a member of the Bar of this Court and the law firm of Duane Morris LLP, counsel to third-party plaintiffs Sagi Genger and TPR Investment Associates, Inc., on behalf of AG Properties Co., in the above-entitled action. I am familiar with the facts and circumstances in this action. I respectfully submit this declaration in support of third-party plaintiffs' motion for attorney's fees and costs, pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and this Court's Opinion and Order dated September 5, 2012.

2.     By Order dated September 5, 2012, the firm of Wachtel Masyr & Missry LLP ("Wachtel") was "directed to pay attorneys' fees and costs from December 12, 2011 through the date of this Order." As the Order did not quantify the amount of fees and costs to be paid, this supplemental application requests a specific dollar amount.

3. As there was no Court-ordered deadline (*see* 9.6.12. Tr. at 12:10-16), we file this submission within 14 days of entry of judgment under Fed. R. Civ. 54(d)(2).

4. My firm represents third-party plaintiffs on multiple matters. This application, however, only includes those time charges and disbursements directly associated with this case, to the extent they were incurred within the Court-ordered timeframe. All doubts as to allocation were resolved in favor of <u>exclusion</u> of such charges from this application.

5. The amounts sought herein fall into three categories: (a) time charges for attorneys and paralegals (less courtesy discounts); (b) disbursements for legal research (Westlaw and Lexis) and court reporter transcripts; and (c) expert witness fees. The clients have already paid all amounts sought, except for the costs of preparing this application (as discussed below). It is my belief that the fees and expenses billed are reasonable for the work performed, and that the rates are reflective of rates charged in this legal market. (The highest billing rate on this case was my own, at $600 per hour, and most of the rates were substantially lower.)

6. <u>Time Charges</u>. Attached hereto as Exhibit A is a true and correct copy of the amounts invoiced to third-party plaintiffs for services rendered between December 12, 2011 and September 5, 2012, redacted to show only those charges associated with this case. Where a single time entry covered multiple work on more than one matter, the entry was allocated among the matters, erring – as noted above – on the side of exclusion.

7. A complete description of the services rendered on behalf of the third-party plaintiffs is contained in the actual time entries in Exhibit A. A merely partial list, however, would include the following: deposing Mr. Sharon and having him claim to know nothing about Omniway; seeking a Rule 30(b)(6) deposition of Omniway only to be told by its then-counsel that it would not be producing a witness; seeking to compel a deposition and being directed instead to seek a default judgment; defending a summary judgment request and Rule 11 letter

from Omniway's then-counsel, which then withdrew at the pre-motion conference on its own motion; seeking and obtaining a default judgment; defending submissions from Omniway's former counsel (still representing Mr. Sharon) arguing, successfully, that the default judgment against Omniway was unenforceable because its own appearance on behalf of Omniway was not actually authorized by anyone from Omniway; and deposing various witnesses (including at the Court's direction) in the vain hope of shedding light on this mystery.

8. For time charges, third-party plaintiffs seek reimbursement of $252,418.

9. <u>Disbursements</u>. Attached hereto as Exhibit B are true and correct copies of the relevant invoices for court reporter services. (Westlaw and Lexis charges are included in Exhibit A, and other disbursements could not be allocated solely to this case and so were excluded.) For Westlaw and Lexis, third-party plaintiffs seek reimbursement of $7,798, and for court reporter services, third-party plaintiffs seek reimbursement of $6,019.

10. <u>Expert Witness Fees</u>. Attached hereto as Exhibit C is a true and correct copy of the invoice of Lambros Soteriou, whose firm prepared two reports on Cypriot law for this case within the specified timeframe. For this category, third-party plaintiffs seek reimbursement of $45,921 (at today's conversion rate for 35,100 Euros).

11. <u>Fees and Costs of Preparing this Application</u>. Lastly, as set forth more fully in the accompanying brief, the fees and costs of preparing a fee application are themselves recoverable. We do not yet have final invoices for these fees and costs, but we conservatively estimate them to total at least $10,000, and accordingly we seek reimbursement of that amount as well, subject to documentation which we will submit with our reply papers.

12. Accordingly, third-party plaintiffs respectfully submit that Wachtel Masyr & Missry LLP should be directed to reimburse third-party plaintiffs for their attorney's fees and costs in the amount of $322,156, plus statutory interest.

-3-

-4-

I hereby declare under penalty of perjury that the foregoing is true and correct.

                                                                                         JOHN DELLAPORTAS

Dated: New York, New York  
       January 9, 2013