UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X

SAGI GENGER and TPR
INVESTMENT ASSOCIATES, INC.,
on behalf of AG PROPERTIES CO.,

      Third-Party Plaintiffs,

      - against -

GILAD SHARON,

      Third-Party Defendant.
------------------------------------------------------ X

**MEMORANDUM
OPINION AND ORDER**

**10 Civ. 4506 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      Following a two-and-a-half day bench trial, I issued an Opinion and Order dated December 20, 2012 in favor of third-party defendant Gilad Sharon on the ground that no enforceable promissory note with Omniway Limited (the "Omniway Note") ever existed. Plaintiffs now move the Court to reconsider on the ground that the Court's issuance of a sanction against Sharon precluding him "'from contesting that he is the alter ego of Omniway and, as such, is liable for its acts and obligations'" means that Sharon cannot "invoke Omniway's failure to produce its own corporate records as a basis for his defense."[1] For the following

---

[1]    Third-Party Plaintiffs' Memorandum of Law in Support of Motion for Reconsideration at 1-2 ("Pl. Mem.") (citing *Genger v. Sharon*, No.10 Civ. 4506,

1

reasons, the motion is denied.

## II.   LEGAL STANDARD FOR RECONSIDERATION OF A JUDGMENT[2]

Federal Rule of Civil Procedure 59(a)(2) provides that "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court.[3] "A motion for reconsideration is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[4] "Typical grounds for reconsideration include 'an intervening change of controlling law, the availability

---

2012 WL 3854883, at *6 (S.D.N.Y. Sept. 5, 2012) ("Sanctions Op.")).

[2]   Familiarity with the factual and procedural history is presumed and can be found in *Genger v. Sharon*, No. 10 Civ. 4506, 2012 WL 6628037 (S.D.N.Y. Dec. 20, 2012) ("Trial Op.").

[3]   *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[4]   *Medisim Ltd. v. BestMed LLC*, No. 10 Civ 2463, 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)).

of new evidence, or the need to correct a clear error or prevent manifest injustice.'"[5]

### III. DISCUSSION

At trial, I admitted into evidence an incomplete copy of the Omniway Note, stating that "[p]laintiffs have met their burden of establishing that the original note has been lost and, in fact, have raised the inference that Sharon . . . may be responsible for the absence of the original note."[6] Plaintiffs take issue with my findings that "under New York law the burden was on plaintiffs to track down [the Omniway officials] in order to prove that the signature was valid and enforceable" and that "no resolution on the part of Omniway authorizing the transaction has been produced."[7] They argue that "the Court should have drawn an adverse inference that the missing Omniway corporate records, which Mr. Sharon controls but chose not to produce, would have confirmed the validity of the Omniway Note."[8]

---

[5] *Gucci America, Inc. v. Guess?, Inc.*, No. 09 Civ. 4373, 2011 WL 6326032, at *1 (S.D.N.Y. Dec. 16, 2011) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[6] Trial Op., 2012 WL 6628037, at *7.

[7] *See* Pl. Mem. at 1 (quoting Trial Op., 2012 WL 6628037, at *8).

[8] *Id.* at 5.

As a preliminary matter, the sanction entered against Sharon precluded him from denying responsibility for any judgment entered against Omniway, but did not include what would have been a case-terminating adverse inference that, because Omniway failed to produce documents, a valid and enforceable promissory note is presumed to have existed.[9] Case terminating sanctions are "drastic remed[ies] generally to be used only when the district judge has considered lesser alternatives."[10]

Even if Sharon's liability for Omniway's failure to produce documents should have altered the burden under New York law for establishing the prima facie validity of the note, I held that "even if plaintiffs were entitled to the various rebuttable presumptions of validity [of signatures, et cetera] set forth in the N.Y.U.C.C. there is simply too much evidence that the Omniway Note was never finalized to support a finding that plaintiffs have established the existence of a

---

[9] Plaintiffs requested an order "precluding Mr. Sharon from denying his responsibility for the debt underlying the judgment entered in this case against third-party defendant [Omniway]." Sanctions Op., 2012 WL 3854883, at *3. I entered an order precluding Sharon from denying responsibility for any judgment against Omniway, but held that the default judgment against Omniway was unenforceable so that the question of Omniway's liability remained. *Id.* at *5-6.

[10] *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010).

valid note."[11]  In fact, the evidence at trial was sufficient to find that Sharon actually *disproved* the existence of an enforceable note.  I disagree that AG Properties could not have been expected to have a complete copy of the promissory note if one had ever existed.  A complete note for Lerner Manor Trusteeships, Ltd., the entity through which Sharon claimed he ultimately invested, was found in the files of AG Properties.  Moreover, I was ultimately persuaded by the fact that "the evidence at trial demonstrates that during the relevant time period, not a single person involved . . . believed that the Omniway Note had ever been finalized as the vehicle through which Sharon invested in AG Properties."[12]

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration and for entry of a new judgment is denied.  The Clerk of the Court is directed to close this motion (Dkt. No. 166).

---

[11]  Trial Op., 2012 WL 6628037, at *8.  The testimonial evidence that the Omniway Note was never finalized, and plaintiffs' inability to produce any credible testimony to rebut it, is not attributable to Sharon's failure to produce documents or testimony from Omniway.

[12]  *Id.*

5

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
January 16, 2013

## -Appearances-

**For Third-Party Plaintiffs:**

John Dellaportas, Esq.
Evangelos Michailidis, Esq.
Duane Morris, LLP
1540 Broadway
New York, New York 10036
(212) 692-1000

**For Third-Party Defendant:**

William B. Wachtel, Esq.
Julian D. Schreibman, Esq.
Elliot Silverman, Esq.
Wachtel Masyr & Missry LLP
One Dag Hammarskjold Plaza
885 Second Avenue, 47th Floor
New York, New York 10017
(212) 909-9500