UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

VLADIMIR GUSINSKI,

              Plaintiff,

   - against -

SAGI GENGER,

              Defendant,
   - and -

SAGI GENGER and TPR INVESTMENT
ASSOCIATES, INC., on behalf of AG
PROPERTIES CO.,

              Third-Party Plaintiffs,
   - against -

GILAD SHARON, LERNER MANOR
TRUSTEESHIPS, LTD. and OMNIWAY
LIMITED,

              Third-Party Defendants.
-------------------------------------------------------X

**ORDER**

10 Civ. 4506 (SAS)



SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    INTRODUCTION

      After a two-day bench trial, I found in favor of the third-party defendants in the third-party action brought to enforce, against third-party defendant Gilad Sharon, a $1.25 million promissory note allegedly issued by

Omniway Limited ("Omniway") but never paid (the "Omniway Note").[1] The Omniway note was found to be unenforceable.[2] Before the trial, however, I sanctioned Sharon's counsel, Wachtel Masyr & Missry LLP ("Wachtel") pursuant to 28 U.S.C. § 1927 ("section 1927").[3] Section 1927 states as follows: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Specifically, Wachtel was "directed to pay all 'excess costs, expenses and attorneys' fees reasonably incurred' from December 12, 2011, when Sharon disavowed responsibility for Omniway, through the date of this Order [September 5, 2012]."[4] In short, Wachtel was sanctioned because of its unauthorized representation of Omniway.[5]

---

[1] *See Genger v. Sharon*, No. 10 Civ. 4506, 2012 WL 6628037, at *1 (S.D.N.Y. Dec. 20, 2012). The first-party action between Gusinski and Genger was closed by a Stipulation of Dismissal dated May 25, 2011. *See* Docket Entry # 57.

[2] *See Genger*, 2012 WL 6628037, at *8.

[3] *See Genger v. Sharon*, No. 10 Civ. 4506, 2012 WL 3854883, at *7 (S.D.N.Y. Sept. 5, 2012), familiarity with which is assumed.

[4] *Id.* (quoting section 1927).

[5] *See id.* at *1.

> There is no question that Wachtel exercised extremely poor judgment in representing Omniway without first ascertaining whether it could be sued and, equally importantly, without securing a retainer from someone authorized to represent Omniway.[6]

\* \* \*

> It went beyond poor judgment, however, when Wachtel continued to litigate on behalf of Omniway – including moving for Rule 11(b) sanctions and summary judgment – for five months after Sharon explicitly denied having an interest in Omniway in his December 2011 deposition. It was not until this Court raised the issue in the conference on summary judgment that Wachtel withdrew as counsel for Omniway. In the absence of authorization from Sharon, continuing to represent Omniway was "so completely without merit as to require the conclusion that [it] must have been undertaken for some improper purpose such as delay."[7]

## II. DISCUSSION

### A. Attorneys' Fees

In seeking attorneys' fees and costs, third-party plaintiffs' counsel, Duane Morris LLP, submitted contemporaneous time sheets for all employees who worked on the case during the relevant time period. At Chamber's request, the time charges for all employees were summarized in a chart. The chart below, which is based on the chart

---

[6] *Id.* at *7.

[7] *Id.* (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986)).

submitted by Duane Morris, has been modified in that some hourly rates and total time charges have been reduced by the Court after reviewing the individual time entries and backup documentation for the major contributors.[8]

| TIMEKEEPER | TITLE | YEARS EXPER. | HOURLY RATE | TOTAL TIME | TOTAL FEES |
|---|---|---|---|---|---|
| Dellaportas | Partner | 19 | *$550* | *128.45* | *$70,647.5* |
| Schmuhl | Partner | 42 | $720 | 0.5 | $360.00 |
| Pontikes | Partner | 12 | *$400* | 92.1 | *$36,840.0* |
| Michailidis | Associate | 7 | *$380* | *41.15* | *$15,637.0* |
| Hart | Associate | 2 | $305 | 69 | $21,045.0 |
| Pennisi | Associate | 2 | $300 | *27.7* | *$8,310.0* |
| Potere | Associate | 5 | $365 | 0.3 | $109.50 |
| Walker | Paralegal | 18 | *$150* | *32.1* | $4,815.00 |
| McLean | Paralegal | 13 | *$150* | 4.2 | $630.00 |
| Rope | Info. Svcs. | 3 | $275 | *0.0* | $0.00 |
| Singer | Info. Svcs. | 4 | $275 | *0.0* | $0.00 |
| Anderson | Res. Svcs. | 10 | $255 | *0.0* | $0.00 |
| Miller | Res. Svcs. | 17 | $255 | *0.0* | $0.00 |
| Funchion | Info Svcs. | 20 | $275 | *0.0* | $0.00 |
| Bulthuis | Paralegal | 2 | *$150* | 3.6 | $540.00 |
| Ter Bush | Paralegal | 32 | *$200* | *27.1* | $5,420.00 |
| Total | | | | | $164,354.0 |

---

[8] Changes are indicated in italics.

The major reduction was to the hourly rates for Dellaportas, Pontikes, Michailidis, and the paralegals. Dellaportas sought hourly rates of $575 and $630 per hour, which this Court reduced to $550 per hour. Pontikes hourly rate was adjusted from $465 to $400 per hour to fall in line with the change to Dellaportas' rate. Michailidis' rate was adjusted to $380 per hour. All of the paralegals' rates were reduced to $150 per hour except for Ter Bush, whose rate was reduced to $200 per hour to reflect her substantial experience.

I also reduced the total time charges for Dellaportas, Michailidis, Pennisi, Walker and Ter Bush based on whether the hours incurred were reasonably caused by Wachtel's vexatious behavior in continuing to represent Omniway despite Sharon's disavowal of the company at his deposition. Finally, no time was awarded for the employees working in Information Services and Research Services as they are support staff whose costs are presumably reflected in the hourly rates charged by the attorneys and paralegals.

**B. Costs**

In their application for fees and costs, third-party plaintiffs seek the following: $7,798.00 in electronic research costs (Westlaw, LEXIS); $6,019.00 in deposition transcript fees; and $45,921.00 in expert witness fees. *First*, nothing is awarded for electronic research costs because there is no way of knowing whether the

research was attributable to Wachtel's misconduct. *Second*, after reviewing the deposition transcript invoices,[9] the following amounts are awarded as "excess costs": $906.80 and $572.40 (for Sharon's deposition); $1,071.90 (for Montclare's deposition); and $965.40 (for Wachtel's depostion). Finally, the expert fees relate to costs incurred by foreign counsel (Michael Kyprianou & Co. LLC, hereafter the "Kyprianou firm") in interpreting the corporate laws of Cyprus. According to third-party plaintiffs, "the Kyprianou firm served not as counsel of record but as foreign law experts, for which they prepared three expert opinions/declarations, each billed at a flat fee."[10] I have reviewed the legal opinion and two declarations prepared by the Kyprianou firm at Genger's behest. I find that only the August 6, 2012 declaration, the Reply Declaration of Lambos Soteriou Regarding Cypriot Law, was necessitated by the third-party defendants' misconduct and, therefore, can be considered a taxable excess cost.[11] The

---

[9] *See* Ex. B to the Declaration of John Dellaportas, counsel to third-party plaintiffs ("Dellaportas Decl.").

[10] Corrected Third-Party Plaintiffs' Reply Memorandum of Law in Further Support of Motion for Attorney's Fees at 5.

[11] The March 5, 2012 Legal Opinion addressed the issue of piercing the corporate veil under Cyprus law while the June 22, 2012 Declaration addressed the documents that a Cyprus company is required to maintain duly updated records and "the potential relevance of such documents to the question of responsibility for corporate liabilities under Cypriot law." Ex. B to the Dellaportas Declaration.

invoice from the Kyprianou firm breaks down the costs for all three documents.[12] The fees charged for the August 6th Reply Declaration amount to 5,000 Euros.[13] Using the conversion rate provided in the Dellaportas Declaration,[14] the U.S. dollar equivalent of 5,000 Euros is $6,541.45. Accordingly, I will award $6,541.45 in compensable expert fees. In total, $10,057.95 is awarded in costs ($3,516.50 in deposition transcript costs and $6,541.45 in expert fees).

### III.   CONCLUSION

In sum, $164,354.00 in attorneys' fees and $10,057.95 in costs are awarded, for a total award of $174,411.95. This amount is payable by Wachtel to Duane Morris forthwith. The Clerk of the Court is directed to prepare a Judgment reflecting this award and close the motion for attorneys' fees (Docket Entry # 163).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         March 7, 2013

---

[12]   See Ex. C to the 1/9/13 Declaration of John Dellaportas ("Dellaportas Decl.")

[13]   See id.

[14]   See Dellaportas Decl. ¶ 10 (finding that 35,100 in Euros translates to $45,921, at "today's conversion rate").

## - Appearances -

**For Third-Party Plaintiffs:**

John Dellaportas, Esq.
Duane Morris, LLP
1540 Broadway
New York, NY 10036
(212) 692-1000

**For Third-Party Defendants:**

Elliot Silverman, Esq.
Wachtel & Masyr, LLP
2030 Main Street, Suite 1200
Irvine, CA 92614
(949) 660-8824