N.Y.S.D. Case #
10-cv-4506(SAS)

MANDATE

13-977-cv (L)
Wachtel Masyr & Missry LLP v. Genger, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

1    At a stated term of the United States Court of Appeals for the Second Circuit,
2    held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the
3    City of New York, on the 28th day of May, two thousand fourteen.
4
5    **PRESENT:**
6        **PIERRE N. LEVAL,**
7        **ROSEMARY S. POOLER,**
8        **DENNY CHIN,**
9            *Circuit Judges.*
10   _____
11
12   **WACHTEL MASYR & MISSRY LLP,**
13
14        *Appellant*,
15
16   **VLADIMIR GUSINSKI,**
17
18        *Plaintiff*,
19
20            v.                                Nos. 13-977-cv (Lead), 13-1346-cv (XAP)
21
22   **SAGI GENGER,**
23
24        *Defendant—Third-Party-Plaintiff—Appellee—Cross-Appellant*,
25
26   **TPR INVESTMENT ASSOCIATES, INC.,**
27
28        *Third-Party-Plaintiff—Appellee—Cross-Appellant*,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 18, 2014

MANDATE ISSUED ON 06/18/2014

**GILAD SHARON,**

   *Third-Party-Defendant—Cross-Appellee*,

**LERNER MANOR TRUSTEESHIPS LTD., ARIE GENGER, OMNIWAY LIMITED,**

   *Third-Party-Defendants*.[1]

_____

| | |
|---|---|
| **FOR APPELLANT:** | JACK S. HOFFINGER, The Hoffinger Firm, LLP, New York, NY. |
| **FOR APPELLEE–CROSS-APPELLANTS:** | JOHN G. DELLAPORTAS, Morgan, Lewis & Bockius LLP, New York, NY. |
| **FOR CROSS-APPELLEE:** | Elliot Silverman, William B. Wachtel, Julian D. Schreibman, Stella Lee, Wachtel Missry LLP, New York, NY. |

_____

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court dated December 26, 2012, be and hereby is **AFFIRMED**. The imposition of sanctions is hereby **REVERSED** and the judgment dated March 11, 2013, is hereby **VACATED**.

Appellant Wachtel Masyr & Missry LLP ("Wachtel") appeals from the district court's March 11, 2013, judgment awarding $174,411.95 in attorneys' fees and costs against Wachtel as sanctions under 28 U.S.C. § 1927. Cross-Appellants Sagi Genger ("Genger") and TPR Investment Associates, Inc. ("TPR") cross-appeal from the district court's December 26, 2012,

---

[1] The Clerk is directed to amend the official caption to conform to the caption above.

1    judgment ruling that a promissory note was not enforceable against Cross-Appellee Gilad Sharon

2    ("Sharon"). We assume the parties' familiarity with the underlying facts, the procedural history,

3    and the issues on appeal, which we describe only as necessary to explain our decision.

4    **I.    Wachtel's Appeal from the Imposition of Sanctions**

5    The district court imposed sanctions on Wachtel under 28 U.S.C. § 1927 for Wachtel's

6    representation of Omniway, a now-dissolved Cypriot corporation. Under section 1927, the court

7    may order an attorney who "multiplies the proceedings in any case unreasonably and

8    vexatiously" to pay excess costs and attorneys' fees "reasonably incurred because of such

9    conduct." 28 U.S.C. § 1927 (2012). Sanctions, however, may be imposed only for conduct

10    undertaken in bad faith. *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143-44 (2d Cir. 2012).

11    In our view, the record cannot sustain a finding that Wachtel acted in bad faith. The

12    district court found that Wachtel acted in bad faith when it continued to represent Omniway after

13    Sharon's deposition, at which Sharon testified that he was "not sure if [Omniway] was ever

14    formed" and denied knowing details about Omniway's officers and directors. The court

15    understood this to mean Wachtel was representing Omniway without authorization from Sharon

16    or any other authorized representative. However, Wachtel was at least implicitly authorized by

17    Sharon to represent Omniway. Indeed, the district court found that there was "no indication that

18    the initial representation was undertaken in bad faith." *Genger v. Sharon*, No. 10 Civ. 4506

19    (SAS), 2012 WL 3854883, at *7 (S.D.N.Y. Sept. 5, 2012). The third-party complaint alleged that

20    Sharon was Omniway's sole beneficial owner and liable for Omniway's debts. Sharon affirmed

21    that he "authorized Wachtel . . . to represent [his] interests in this action." Sharon also signed off

1  on discovery materials submitted on behalf of all three third-party defendants, including
2  Omniway.

3  Sharon's deposition testimony did nothing to alter this implicit authorization. In fact,
4  Sharon testified that Omniway was conceived of as his personal investment vehicle.
5  Accordingly, we conclude that the evidence did not sustain a finding that Wachtel acted in bad
6  faith.

7  **II.    Genger and TPR's Cross-Appeal on the Enforceability of the Promissory Note**

8  Under New York law, a promissory note must be delivered in order to be enforceable.
9  *Merrill Lynch Interfunding v. Argenti*, 155 F.3d 113, 123 (2d Cir. 1998) (applying New York
10 law); *see also* N.Y. U.C.C. § 1-201(14) (defining delivery as "voluntary transfer of possession").
11 As TPR has not established that it is a holder in due course, TPR's claim under the promissory
12 note is subject to the defense of non-delivery, as well as "all defenses . . . which would be
13 available in an action on a simple contract." N.Y. U.C.C. § 3-306. Further, a defendant may
14 demonstrate by parol evidence that a note that appears to be facially valid was never intended to
15 take effect and is not a binding obligation. *Kamp v. Fiumera*, 893 N.Y.S.2d 662, 663-64 (App.
16 Div. 2010); *Paolangeli v. Cowles*, 617 N.Y.S.2d 936, 937-38 (App. Div. 1994).

17 The district court noted that the evidence showed the promissory note "was not tendered,
18 at least not as of February 6, 2002," the date on the promissory note. *Genger v. Sharon*, 910 F.
19 Supp. 2d 656, 661 (S.D.N.Y. 2012). The court relied on evidence suggesting that the note had
20 not been executed or delivered at least as late as March 2003. Ultimately, the court found that the
21 note "never became a binding agreement" and "was never finalized." *Id.* at 669-70; *see also*
22 *Genger v. Sharon*, No. 10 Civ. 4506 (SAS), 2013 WL 180373, at *1 (S.D.N.Y. Jan. 17, 2013)

("In fact, the evidence at trial was sufficient to find that Sharon actually *disproved* the existence of an enforceable note." (emphasis in original)). These findings are not clearly erroneous. The district court properly granted judgment for Sharon on the enforceability of the promissory note.

We have considered the parties' other arguments and find them to be without merit. For the foregoing reasons, the district court's judgment of December 26, 2012, is hereby **AFFIRMED**. The imposition of sanctions is hereby **REVERSED** and the judgment of March 11, 2013, **VACATED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5