UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAGI GENGER and
TPR INVESTMENT ASSOCIATES, INC.,
on behalf of AG PROPERTIES CO.,

        Third-Party Plaintiffs,

    v.

GILAD SHARON,

        Third-Party Defendant.

10 Civ. 4506 (SAS)

ECF case

---

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR COSTS

**WACHTEL MISSRY LLP**
*Attorneys for Third Party*
*Defendant Gilad Sharon*
885 Second Avenue
New York, New York 10017
(212) 909-9500

**Preliminary Statement**

Third Party Defendant Gilad Sharon, and the law firm of Wachtel Missry LLP (f/k/a Wachtel Masyr & Missry LLP) ("WM"), respectively move this Court, pursuant to Rule 39(e) of the Federal Rules of Appellate Procedure, for an award of costs incurred in their successful appeal to the Court of Appeals for the Second Circuit.

**Statement of Facts**

The facts supporting this motion are set forth in the accompanying declaration of Elliot Silverman, Esq. (the "Silverman Dec."), to which the Court's attention is respectfully referred. Briefly summarized, those facts are as follows:

In this case, Third Party Plaintiffs Sagi Genger and TPR Investment Associates, Inc. (collectively, "Third Party Defendants") sued Gilad Sharon to enforce a purported promissory note. After a three-day trial, this Court found in favor of Mr. Sharon on the merits of that claim. *Genger v. Sharon,* 910 F.Supp.2d 656 (S.D.N.Y. 2012). (ECF Doc. 161). The Court denied Third Party Plaintiffs' motion for reconsideration, *Genger v. Sharon,* 2013 WL 180373 (S.D.N.Y. 2013) (ECF Doc. 167), but ruled that Mr. Sharon was not entitled to costs under Fed. R. Civ. P. 54(d)(1) for his successful defense of the Third Party claim. (ECF Doc. 187).

Prior to trial, this Court had found that Mr. Sharon's counsel, WM, was liable for sanctions under 28 U.S.C. § 1927. *Genger v. Sharon,* 2012 WL 3854883 (S.D.N.Y. 2012). After trial, this Court fixed the amount of those sanctions, and a judgment was entered against WM. (ECF Doc. 185). WM timely appealed to the Second Circuit (ECF Doc. 186), and filed a supersedeas bond to stay its enforcement. (ECF Doc. 187).

Third Party Plaintiffs cross-appealed from this Court's decision on the merits in favor of Mr. Sharon. (ECF Doc. 189). Mr. Sharon also cross-appealed from this Court's order denying

1

him costs (ECF Doc. 190), but later voluntarily discontinued that cross appeal (Silverman Dec. ¶ 5).

On appeal, the Second Circuit affirmed this Court's decision in favor of Mr. Sharon, but reversed its award of sanctions against WM. *Wachtel Masyr & Missry v. Genger,* 568 Fed. Appx. 10 (2d Cir. 2014). The Second Circuit's mandate was docketed in this Court on June 18, 2014. (ECF Doc. 192).

More than two months later, on September 9, 2014, the Second Circuit issued a Statement of Costs, which "ORDERED that costs of $5,057.60 are taxed in favor of Wachtel Masyr & Missry LLP, and costs of $240.20 are taxed in favor of Gilad Sharon. Both sets of costs are taxed against Sagi Genger and TPR Investment Associates, Inc." (Silverman Dec. Ex. 1). This Statement of Costs was entered on this Court's docket on September 10, 2014. (ECF Doc. 193).

Less than three weeks later, Mr. Sharon and WM filed with this Court Notices of Taxation of Bill of Costs, seeking the additional costs which, under Rule 39(e) of the Federal Rules of Appellate Procedure ("FRAP"), a party who is awarded costs in the Court of Appeals may seek in the District Court on remand. (Silverman Dec., ¶¶ 9, 11 & Exhibits 2 and 4).

On October 3, 2014, the Clerk of this Court rejected those Bills of Costs, on the ground that they were filed "out of time." (Silverman Dec. Exhibit 6). The Clerk's computation of time was based upon the date of filing of the Court of Appeals' Mandate on June 18, 2014, not on the filing of the Court of Appeals' Statement of Costs on September 9, 2014. (*Id.*).

2

**Argument**

**WM AND MR. SHARON ARE ENTITLED
TO TAX THE COSTS OF THE APPEAL**

A.  **WM and Sharon are Entitled to Costs as of Right**

The Court of Appeals ordered that costs be taxed against Third Party Defendants, in favor of WM in the amount of $5,057.60 and in favor of Mr. Sharon in the amount of $240.20.

Under FRAP 39(e), a party who is awarded costs in the Court of Appeals is entitled upon remand to tax additional costs in the district court. Specifically, the party awarded costs on appeal is entitled to tax courts in the district court for "the reporters transcript, if needed to determine the appeal," FRAP 39(e)(2); "premiums paid for a supersedeas bond" FRAP 39(e)(3); and "the fee for filing a notice of appeal," FRAP 39(e)(4).

Here, WM paid a filing fee of $455 for filing its Notice of Appeal from this Court's sanctions order. (Silverman Dec., ¶ 3; ECF Doc 186), and it paid premiums totaling $2,184.00 for the supersedeas bond it filed to stay enforcement of that order. (Silverman Dec., ¶ 11 & Exhibit 5).

Mr. Sharon paid fees to the Court Reporters for the transcript of the trial in an amount totaling $2,129.76. (Silverman Dec., ¶ 9 & Exhibit 3). The trial transcripts were "needed to determine the appeal," within the meaning of FRAP 39(e)(2), because Third Party Plaintiffs' appeal challenged the sufficiency of the evidence to support this Court's decision in favor of Mr. Sharon, and both parties' briefs extensively cited the trial transcripts. (Silverman Dec. ¶ 10).

Although this Court previously exercised its discretion to deny Mr. Sharon costs he incurred in the *trial court*, that decision has no bearing on his entitlement to costs incurred *on appeal*. Once the Court of Appeals awards a prevailing party costs on appeal, as occurred here, that party is entitled to an award of the additional appellate costs listed in FRAP 39(e). As the

3

Second Circuit has held, "[o]nce a party is designated by the appellate court without limitation as the party entitled to costs under [FRAP 39] subsection (a)(4), it is entitled to seek . . . in the district court, those costs taxable under Rule 39(e). Rule 39(e) is unambiguous on this point . . ." *L-3 Communications Corp. v. OSI Systems, Inc.*, 607 F.3d 24, 29 (2d Cir. 2010). "[O]nce the appellate court, without reservation, awards costs to a specific party under [FRAP] Rule 39(a)(4)—as it did in the instant case—that party is entitled to those costs properly taxed in the appellate court under Rule 39(c) and may also seek costs taxed in the district court under Rule 39(e)." *Id.*, 607 F.3d at 29.[1]

### B. The Bills of Costs Were Timely

The Clerk of this Court rejected WM's and Mr. Sharon's Notices of Taxation of Bill of Costs as "out of time," based on the fact that the Second Circuit's Mandate issued on June 18, 2014. (Silverman Dec. Exhibit 6). This was an error.

Although the Court of Appeals' Mandate issued on June 9, that Mandate did not award any costs to any party. *See* FRAP 39(d)(3) ("issuance of the mandate must not be delayed for taxing costs"). Because the Second Circuit's decision reversed this Court's judgment in part and affirmed it in part, no appellate costs could be awarded until the Second Circuit issued a specific order to that effect. FRAP 39(a)(4) ("if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders"). The Second circuit did not issue any such order until it finally issued its Statement of Costs on September 9, 2014. WM and Mr. Sharon had 30 days from *that* date to tax costs. S.D.N.Y. Local Civil Rule 54.1(a) (notice of taxation of costs must be filed "within thirty (30) days after the final disposition of the appeal"). The Notices of Taxation were filed on September 30, 2014, well within that 30 day period.

---

[1] In any event, this Court's prior decision to deny costs to Mr. Sharon has no impact on WM's right to appellate costs, since it prevailed on its appeal of the sanctions order.

4

## CONCLUSION

Costs should be taxed in favor of WM and against Third Party Plaintiffs in the amount of $7,696.70, and in favor of Gilad Sharon and against Third Party Plaintiffs in the amount of $2,184.00.

Dated:  New York, New York
        October 8, 2014

*Respectfully submitted,*

**WACHTEL MISSRY LLP**

By: _____
        Elliot Silverman
        Stella Lee
        One Dag Hammarskjold Plaza
        885 Second Avenue, 47th Floor
        New York, New York 10017
        Tel: (212) 909-9500
        Fax: (212) 371-0320
        esilverman@wmllp.com
        slee@wmllp.com

        Attorneys for Third Party Defendant
        Gilad Sharon

5

## CERTIFICATE OF SERVICE VIA ECF SYSTEM

      I hereby certify that on the execution date stated below, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of New York, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic filing" to all counsel of record. The document that I electronically filed today is listed below.

      Memorandum of Law in Support of Motion for Costs

Executed on October 8, 2014

      WACHTEL MISSRY LLP

      Attorneys for Third-Party Defendant
      Gilad Sharon

      _____
      Elliot Silverman