UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

SAGI GENGER and TPR INVESTMENT
ASSOCIATION, INC., on behalf of AG
PROPERTIES CO.,

        Third-Party Plaintiffs,

  - against -

GILAD SHARON,

        Third-Party Defendant.

------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/10/14

ORDER

10 Civ. 4506 (SAS)

------------------------------------------------------------ X

WACHTEL & MASYR, LLP,

        Appellant,

  - against -

SAGI GENGER and TPR INVESTMENT
ASSOCIATION, INC., on behalf of AG
PROPERTIES CO.,

        Third-Party Plaintiffs.

------------------------------------------------------------ X

10 Civ. 4506 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

-1-

This Order resolves the October 8, 2014 motion filed by third-party defendant Gilad Sharon and appellant Wachtel & Masyr, LLP ("WM") for taxation of costs incurred on appeal.[1] The motion encompasses two sets of costs. *First*, Sharon and WM seek costs already taxed by the Second Circuit in a September 9, 2014 Statement of Costs — "$5,057.60 [] taxed in favor of [WM], and . . . $240.20 [] taxed in favor of Sharon," for a total of $5,297.80.[2] *Second*, Sharon and WM seek costs incurred in connection with the appeal but not yet taxed by the Second Circuit — "$2,129.76 for fees paid to the Court Reporter for the transcript of the trial,"[3] plus "$455.00 paid . . . fees for filing the Notice of Appeal [and] $2,184.00 paid [] as premiums for the Supersedeas Bond,"[4] for a total of $4,768.76.

Under Federal Rule of Appellate Procedure ("FRAP") 39(e), certain costs incurred on appeal are taxable in district court.[5] Under the Local Civil Rules

---

[1] *See* Dkt. No. 194.

[2] 9/9/14 United States Court of Appeals for the Second Circuit Statement of Costs, No. 13 Civ. 977 ("Statement of Costs"), Exhibit 1 to Declaration of Elliot Silverman ("Silverman Decl."), Counsel for Gilad Sharon.

[3] Silverman Decl. ¶ 9.

[4] *Id.* ¶ 11.

[5] *See* Fed. R. App. Proc. 39(e) ("The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule: (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas

of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules"), parties seeking to recover costs under FRAP 39(e) must "file with the Clerk a notice of taxation of costs" within "thirty (30) days after the final disposition of the appeal."[6] Furthermore, "[a]ny party failing to file a notice of taxation of costs within the applicable thirty (30) day period will be deemed to have waived costs."[7]

On May 28, 2014, the Second Circuit issued an opinion that involved two discrete judgments.[8] *First*, it affirmed my judgment on the merits, in favor of Sharon.[9] *Second*, it reversed my imposition of sanctions against WM.[10] On June 18, 2014, the Mandate of the Court of Appeals ("Mandate") in connection with its May 28, 2014 opinion was entered on this Court's docket.[11] On September 30,

---

bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal.").

[6] Local Civil Rule 54.1.

[7] *Id.*

[8] *See Wachtel Masyr & Missry LLP v. Genger,* 568 Fed. App'x 10 (2d Cir. 2014).

[9] *See Genger v. Sharon,* 910 F. Supp. 2d 656 (S.D.N.Y. 2012).

[10] S*ee Genger v. Sharon,* No. 10 Civ. 4506, 2012 WL 3854883 (S.D.N.Y. Sept. 5, 2012).

[11] *See* Dkt. No. 192.

2014, Sharon and WM each filed a Notice of Taxation of Bill of Costs with the Clerk of this Court, seeking to recover the costs enumerated above, pursuant to FRAP 39(e). On October 3, 2014, the Clerk of the Court rejected those Bills of Costs as untimely, because they were not filed within thirty days of the Mandate. Sharon and WM now seek to have that determination reversed.

The requirements of FRAP 39(e) depend on the meaning of FRAP 39(a), which distinguishes among four types of appellate rulings and sets out a cost schedule for each. *First*, when an appeal is dismissed, or it results in an affirmation of the judgment below, costs are automatically taxed to the appellant.[12] *Second*, when a judgment is reversed, costs are automatically taxed to the appellee.[13] *Third*, when a judgment is affirmed in part and reversed in part, costs are taxed "only as the [appellate] court orders."[14]

Here, the Second Circuit affirmed one judgment and reversed another. The affirmation falls under FRAP 39(a)(2); the reversal falls under FRAP 39(a)(3). With respect to both judgments, however, costs were taxed automatically — in favor of the same parties, Sharon and WM — the day the Mandate issued. No

---

[12] *See* Fed. R. App. Proc. 39(a)(1)-(2).

[13] *See* Fed. R. App. Proc. 39(a)(3).

[14] Fed. R. App. Proc. 39(a)(2).

independent order from the Second Circuit was necessary to establish that Sharon and WM were "entitled to seek costs in the district pursuant to Rule 39(e)."[15] Therefore, under Local Civil Rule 54.1, Sharon and WM were required to file a Notice of Taxation of Costs in this Court within thirty days of June 18, 2014. Because they failed to meet that deadline, the costs Sharon and WM incurred on appeal — which might otherwise be recoverable under FRAP 39(e) — are "deemed to have [been] waived."[16]

The timeliness requirement of Local Civil Rule 54.1 has no bearing, however, on costs already taxed by the Second Circuit. The figures outlined in the September 9, 2014 Statement of Costs — $5,057.60 for WM, and $240.20 for Sharon — remain recoverable.[17] Accordingly, the Clerk of the Court is directed (1) to grant costs to WM and Sharon in those amounts and (2) to close this motion (Dkt. No. 194).

---

[15] *L-3 Commc'n v. OSI*, 607 F.3d 24, 29 (2d Cir. 2010).

[16] Local Civil Rule 54.1. Sharon argues that the clock did not begin to run until September 9, 2014, because it was only then — after the Second Circuit issued its Statement of Costs — that Sharon's and WM's entitlement to tax costs in this Court was established. That is incorrect. The Second Circuit has clearly distinguished between FRAP 39(a)(4), which requires an "order of the appellate court" to establish entitlement to costs under FRAP 39(e), and FRAP 39(a)(1)-(3), which do not. *L-3 Commc'n*, 607 F.3d at 29.

[17] *See* Statement of Costs.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            November 10, 2014

- Appearances -

**For Third-Party Plaintiffs:**

John Dellaportas, Esq.
Duane Morris, LLP
1540 Broadway
New York, NY 10036-4086
(212) 692-1000

Russell Marc Yankwitt, Esq.
Yankwitt LLP
140 Grand Street
White Plains, NY 10601
(914) 686-1500

**For Third-Party Defendant:**

Elliot Silverman, Esq.
Wachtel & Masyr, LLP
2030 Main Street., Suite 1200
Irvine, CA 92614
(949) 660-8824

William B. Wachtel, Esq.
Wachtel & Masyr, LLP
885 Second Avenue
New York, NY 10017
(212) 909-9500